Patrick James DURN, Petitioner

v.

Gerald L. ROZUM, et al., Respondents.

Civil Action No. 07–1725.

United States District Court,
E.D. Pennsylvania.

Oct. 9, 2007.

Patrick James Durn, Somerset, PA, pro se.

Brian E. Chudzik, Lancaster, PA, for Respondents.

## MEMORANDUM OPINION

FULLAM, Senior District Judge.

United States Magistrate Judge Carol Sandra Moore Wells, to whom this habeas corpus case was referred, has filed a comprehensive report recommending that the petitioner be allowed to pursue a direct appeal. The respondents have filed objections.

The petitioner did not file a direct appeal, a failing that the petitioner attributes to *ineffective assistance of counsel.* The Magistrate Judge correctly found error in the state court's failure to apply the standard articulated in *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), where the Supreme Court held that an attorney must consult his client about a direct appeal when a rational defendant would want to appeal **or** when the particular defendant has demonstrated an interest in appealing. *Id.* at 470, 120 S.Ct.

1029. The state courts, reviewing the petitioner's collateral appeal, applied a different test: whether the defendant proved that he requested an appeal and counsel disregarded the request. The Court of Appeals has rejected this test as incompatible with *Flores–Ortega. See Harrington v. Gillis,* 456 F.3d 118, 126 (3d Cir.2006).

For purposes of habeas review, Magistrate Judge Wells assumed, as the Pennsylvania courts determined, that the petitioner never instructed counsel to file an appeal. However, because a rational defendant would have wanted to appeal (there were several non-frivolous grounds for appeal), counsel was ineffective for failing to consult with his client during the appeal period about whether to file an appeal. Had the petitioner been properly advised, there is a reasonable probability he would have appealed, and thus the petitioner was prejudiced.

The respondents object to the Report and Recommendation, arguing that the Pennsylvania Superior Court followed the dictates of *Flores–Ortega* and that in any event, the petitioner here specifically stated that he did not want to appeal and signed a document to that effect. The record shows otherwise.

The PCRA court applied the wrong standard, holding that "[t]he burden lies with Defendant to plead and prove that his request for an appeal was ignored or rejected by counsel." PCRA Court opinion of 12/21/2005 at 6. The Superior Court upheld this determination. Superior Court opinion of 8/29/2006 at 4–5, 909 A.2d 869.

The Magistrate Judge correctly found that the petitioner did not execute a waiver of appeal until after the appeal period had expired; counsel met with the petitioner only after the Commonwealth appealed from the denial of a Megan's Law evaluation. There is also no evidence that counsel ever discussed with the petitioner any grounds for appeal of the conviction and sentence.

The respondents contend that the petitioner knew of his appeal rights because the trial court informed the petitioner at sentencing of his right to appeal, and advised him that if his counsel was not going to represent him he should contact the Office of Public Defender to obtain new counsel. This misses the key requirement of *Flores–Ortega*—the obligation of counsel to consult with his client. The trial court has the duty to inform a defendant of the right of appeal, but where there are non-frivolous grounds for appeal, counsel has a duty to "advis[e] the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Flores–Ortega,* 528 U.S. at 478, 120 S.Ct. 1029. Counsel's failure to do so here in a timely fashion was constitutionally deficient.

An order will be entered.

## ORDER

AND NOW, this 9th day of October 2007, upon consideration of the Petition for Writ of Habeas Corpus, the response thereto, and after review of the file, the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, and the Respondents' Objections to the Report and Recommendation,

IT IS hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The Objections are OVERRULED.

3. The Petition for Writ of Habeas Corpus is CONDITIONALLY GRANTED AS FOLLOWS: Petitioner shall be discharged from all custody resulting from his Lancaster County convictions and sentences in Criminal Nos. 1732 and 1738 of 2001,

UNLESS, within 30 days of the date of this Order, the Commonwealth provides Petitioner with counsel and initiates appropriate proceedings to allow Petitioner to pursue the direct appeal to which he is entitled.

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS, United States Magistrate Judge.

Presently before this court is a *pro se* Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Patrick James Durn ("Petitioner"), currently incarcerated at the State Correctional Institution at Somerset, Pennsylvania, seeks habeas relief based on five claims of ineffective assistance of counsel. The Honorable John P. Fullam referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner, conditionally, be granted habeas relief.

## I. BACKGROUND AND PROCEDURAL HISTORY [1]

On June 6, 2002, after a jury trial in the Court of Common Pleas for Lancaster County, Petitioner was convicted of numerous offenses based upon his sexual acts with juvenile males. *Commonwealth v. Durn*, Nos. 1732, 1738 of 2001, slip op. at 1 (Lancaster Co. Dec. 21, 2005). On August 30, 2002, Petitioner was sentenced to an aggregate term of incarceration of fifteen to thirty years. *Id.* at 2. Petitioner did not pursue a direct appeal; however, he did file a petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons.Stat. Ann. §§ 9541–46 ("PCRA"). The trial court denied PCRA relief after an evidentiary hearing. *Id.* at 5–14. Petitioner appealed and, on August 29, 2006, the Pennsylvania Superior Court affirmed the denial of PCRA relief. *Commonwealth v. Durn*, No. 196 MDA 2006, 909 A.2d 869 (Pa.Super.Ct. Aug. 29, 2006) ("Super. Ct. op."). On January 5, 2007, 591 Pa. 660, 916 A.2d 631, the Pennsylvania Supreme Court denied allowance of appeal. Petitioner did not seek *certiorari* in the United States Supreme Court.

The instant petition for federal habeas corpus relief,[2] filed on February 12, 2007,[3] alleges:

Ground One—trial counsel rendered ineffective assistance when he failed to file a notice of appeal after Petitioner requested that he do so;

Ground Two—trial counsel rendered ineffective assistance by failing to object to inadmissible hearsay from Petitioner's work supervisor concerning comments she had heard from employees that Petitioner was having sex with young boys;

Ground Three—trial counsel rendered ineffective assistance by failing to object to testimony from a police officer concerning literature he found in Petitioner's apartment concerning a group advocating sexual contact between adult males and juvenile males;

Ground Four—trial counsel rendered ineffective assistance by failing to object to the admission of Commonwealth Ex-

---

1. The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition, the Commonwealth's Response to the Habeas Petition, inclusive of all exhibits thereto, and the state court record.

2. Petitioner raised the identical five grounds set forth below to the intermediate appellate court on PCRA appeal.

3. This habeas petition, originally filed in the United States District Court for the Western District of Pennsylvania, was transferred to this court.

hibits 22 through 27, all of which related to some form of sexual activity, including sexual activity between adult males and juvenile males;

Ground Five—trial counsel rendered ineffective assistance by failing to object and move for a mistrial when the prosecutor improperly vouched for the credibility of the victims during closing argument.

Petition ("Pet.") at 7 (reverse). The Commonwealth contends that Petitioner's claims should be denied as meritless. *See* Commw.'s Mem. of Law at 4–9. The court disagrees, finding that Petitioner is entitled to relief based on his first claim.[4]

## II. DISCUSSION

### A. AEDPA Standard of Review

■ The habeas statute, as amended by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides that this court cannot grant habeas relief on a claim that has been adjudicated by a state court unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The habeas statute also provides that any findings of fact made by the state court must be presumed to be correct; Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Factual determinations made by either the state trial or appellate courts are entitled to this presumption of correctness. *Affinito v. Hendricks*, 366 F.3d 252, 256 (3d Cir.2004).

■ A state court's adjudication of a claim is contrary to United States Supreme Court precedent if the state court has applied a rule that contradicts the governing law set forth in Supreme Court precedent or if the state court confronts a set of facts which are materially indistinguishable from a decision of the Supreme Court and the state court arrives at a different result from the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). In determining whether a state court's decision was contrary to Supreme Court precedent, the habeas court should not be quick to attribute error. *See Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (*per curiam*). Instead, state court decisions should be "given the benefit of the doubt." *Id.* In this regard, it is not necessary that the state court cite the governing Supreme Court precedent or even be aware of the governing Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (*per curiam*). All that is required is that "neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent. *Id.*

■ If, however, the state court does correctly identify the governing United States Supreme Court precedent, unreasonable application analysis, rather than contrary analysis, is appropriate. *Williams v. Taylor*, 529 U.S. at 406, 120

---

4. The Commonwealth does not specifically address whether Petitioner's claims are exhausted, a prerequisite to habeas review. *See* 28 U.S.C. § 2254(b)(1)(A). Notably, all of Petitioner's claims were raised in his PCRA appeal to the Superior Court. *See supra* n. 2. Therefore, the claims are exhausted. *See Lambert v. Blackwell*, 387 F.3d 210, 233–34 (3d Cir.2004).

S.Ct. 1495. A state court decision constitutes an unreasonable application of Supreme Court precedent if the state court correctly identifies the governing legal rule but applies it unreasonably to the facts of the petitioner's case. *Id.* at 407–08, 120 S.Ct. 1495. In making the unreasonable application determination, the habeas court must ask whether the state court's application of Supreme Court precedent was objectively unreasonable. *Id.* at 409, 120 S.Ct. 1495. The habeas court may not grant relief simply because it believes the state court's adjudication of the petitioner's claim was incorrect. *Id.* at 411, 120 S.Ct. 1495. Instead, the habeas court must be convinced that the state court's adjudication of the claim was objectively unreasonable. *Id.* When deciding whether a state court's application of Supreme Court precedent was unreasonable, it is permissible to consider the decisions of lower federal courts which have applied clearly established Supreme Court precedent. *See Marshall v. Hendricks,* 307 F.3d 36, 71 n. 24 (3d Cir.2002); *Moore v. Morton,* 255 F.3d 95, 104 n. 8 (3d Cir. 2001).

■ The Supreme Court, addressing the AEDPA's factual review provisions in *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003), interpreted § 2254(d)(2) to mean that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Id.* at 340, 123 S.Ct. 1029. Yet, the habeas court can "disagree with a state court's credibility determination." *Id.*; *see also Wiggins v. Smith,* 539 U.S. 510, 528, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (rejecting state court's factual determination under § 2254(e)(1) and § 2254(d)(2)). If the state court's decision based on a factual determination is unreasonable in light of the evidence presented in the state court proceeding, habeas relief is warranted under § 2254(d)(2).[5] *Lambert,* 387 F.3d at 235.

**B. Standard for Ineffective Assistance of Counsel**

All of Petitioner's claims allege ineffective assistance of counsel; an attorney's performance must be evaluated against the two-part test announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. In making this determination, the court's scrutiny of counsel's performance must be "highly deferential." *Id.* at 689, 104 S.Ct. 2052. The court should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In short, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the pre-

**5.** Within the overarching standard of § 2254(d)(2), a petitioner may attack specific factual determinations made by the state court that are subsidiary to the ultimate decision. *Lambert,* 387 F.3d at 235. Here, § 2254(e)(1) instructs that the state court's factual determination must be afforded a presumption of correctness that the petitioner can rebut only by clear and convincing evidence. *Id.* A petitioner may develop clear and convincing evidence by way of a hearing in federal court if he satisfies the prerequisites for that hearing found in 28 U.S.C. § 2254(e)(2). *Lambert,* 387 F.3d at 235. In the final analysis, even if a state court's individual factual determinations are overturned, the remaining findings must still be weighed under the overarching standard of § 2254(d)(2). *Lambert,* 387 F.3d at 235–36.

sumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

■■ Second, the petitioner must show that counsel's deficient performance "prejudiced the defense" by "depriv[ing] the [petitioner] of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S.Ct. 2052. That is, the petitioner must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.* at 694, 104 S.Ct. 2052, but it is less than a preponderance of the evidence. *Id.* at 693, 694, 104 S.Ct. 2052. With respect to a claim that counsel failed to comply with a duty to consult with the defendant concerning an appeal, prejudice exists if there is a reasonable probability that, but for counsel's deficient performance, the defendant would have timely appealed. *Roe v. Flores–Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

## C. Ground One—Failure to File a Direct Appeal

Petitioner argues that trial counsel was ineffective because he failed to file a direct appeal after Petitioner specifically requested that he do so. In addressing this claim, the Superior Court summarized the testimony provided at the PCRA evidentiary hearing. During that hearing, Petitioner testified that he and his trial counsel had discussed pursuing a direct appeal and he was under the impression that counsel would file the direct appeal. Super. Ct. Op. at 4. By contrast, trial counsel testified that Petitioner had not asked him to file an appeal and that he believed Petitioner was

content with the case's outcome. *Id.* The Superior Court concluded that, by finding that trial counsel was not ineffective, the PCRA court implicitly had credited trial counsel's testimony that Petitioner did not request an appeal and had rejected Petitioner's contradictory testimony. *Id.* at 5. The Superior Court found this to be properly supported by the record. Hence, Petitioner's ineffective assistance claim was deemed to lack merit solely because he had not asked trial counsel to pursue a direct appeal. *Id.*

■ The Superior Court applied incorrect federal law in reaching its conclusion. When the record does not establish that a defendant actually asked his attorney of record to initiate a direct appeal, a claim of ineffective assistance further requires the court to consider whether or not the attorney ever consulted with the defendant concerning an appeal and, if not, whether the failure to consult constituted deficient performance.[6] *Roe v. Flores–Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The attorney's duty to consult with the defendant concerning a direct appeal arises when: (1) "a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) ... this particular defendant has demonstrated to counsel that he was interested in appealing." *Id.* at 480, 120 S.Ct. 1029. Next, to establish prejudice, the defendant must "demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484, 120 S.Ct. 1029. Thus, when deciding whether prejudice exists, the existence of non-frivolous grounds for appeal or the defendant's prompt expression of the de-

---

6. The Court explained that "consult" means, "advising the defendant about the advantages and disadvantages of taking an appeal, and

making a reasonable effort to discover the defendant's wishes." *Flores–Ortega*, 528 U.S. at 478, 120 S.Ct. 1029.

sire to appeal are highly relevant factors. *Id.* at 485, 120 S.Ct. 1029.

■ In this case, the Superior Court never determined either of these critical issues. Nor did it explicitly acknowledge the applicability of *Flores–Ortega*. Instead, like the PCRA court, it relied upon the standard set forth in *Commonwealth v. Knighten*, 742 A.2d 679 (Pa.Super.Ct.1999), a decision which pre-dates *Flores–Ortega*, that, in order to prevail on a claim that counsel was ineffective for failing to file a direct appeal, the defendant must prove that he requested an appeal and counsel disregarded that request. *Knighten*, 742 A.2d at 682 (citing *Commonwealth v. Harmon*, 738 A.2d 1023, 1024 (Pa.Super.Ct.1999)). The Third Circuit rejected this bright-line requirement as inconsistent with *Flores–Ortega* and contrary to Supreme Court precedent.[7] *See Harrington v. Gillis*, 456 F.3d 118, 126 (3d Cir. 2006). The Superior Court had even acknowledged several years before its decision in Petitioner's case that the *Harmon* and *Knighten* test was inconsistent with *Flores–Ortega*.[8] *Commonwealth v. Touw*, 781 A.2d 1250, 1254–55 (Pa.Super.Ct.2001).

Since the Superior Court applied a rule that contradicts Supreme Court precedent, this court must decide whether Petitioner's claim has merit under *Flores–Ortega. See Harrington*, 456 F.3d at 127–31; *Lewis v. Johnson*, 359 F.3d 646, 659–62 (3d Cir. 2004). In making its determination, this court will accept as true the Superior Court's findings of fact, because Petitioner has not rebutted the presumption of their correctness § 2254(e)(1) affords them. *Cf. Rolan v. Vaughn*, 445 F.3d 671, 679–80 (3d Cir.2006) (noting that, under AEDPA,

state court findings of fact must be shown deference even if the state court which made the findings failed to do so properly under state law or lacked jurisdiction to do so). Thus, this court will assume that Petitioner never asked his trial counsel to initiate an appeal.

Under *Flores–Ortega*, the defendant must, therefore, show that his attorney failed to consult with him concerning an appeal and that said failure constituted deficient performance. 528 U.S. at 478, 120 S.Ct. 1029. In this case, neither the Superior Court nor the PCRA court determined whether trial counsel consulted with Petitioner concerning filing a direct appeal. Nonetheless, at the PCRA hearing, trial counsel stated that, although he did not speak to Petitioner immediately after the verdict, he did speak to Petitioner between the time of verdict and sentencing in order to review the pre-sentence investigation. (N.T. 4/4/05 at 24). Trial counsel did not testify regarding any other reason for speaking to Petitioner. Specifically, trial counsel did not mention consulting with Petitioner post-verdict concerning a direct appeal. Further, trial counsel testified that the only time he spoke to Petitioner after sentencing was when he went to the Lancaster County Prison to discuss a possible response to the Commonwealth's appeal concerning having Petitioner evaluated under Megan's Law. (N.T. 4/4/05 at 18–19). After the PCRA hearing, Petitioner and the Commonwealth stipulated that this meeting on October 3, 2002 was the only meeting that trial counsel had with Petitioner after his August 30, 2002 sentencing. *See* State Court Record, Doc. 53. This meeting occurred beyond Peti-

---

7. In *Harrington*, the Superior Court had relied upon *Harmon* rather than *Knighten*, 456 F.3d at 126, but this distinction is immaterial because both cases adopted the same bright-line rule; indeed, *Knighten* cites *Harmon* as authority for the rule. 742 A.2d at 682.

8. In light of *Touw*, it is unclear why both the PCRA and Superior Courts relied upon *Knighten*.

tioner's thirty day deadline to file a direct appeal. *See* Pa. R.App. P. 903(a). Thus, the record is devoid of evidence that trial counsel consulted with Petitioner concerning the decision to file a direct appeal at any time between the verdict and the expiration of the time to file a direct appeal. Hence, this court must conclude that trial counsel never consulted Petitioner concerning pursuing a direct appeal in time for him to timely file a direct appeal.

■ Next, under *Flores–Ortega,* this court must determine whether counsel's failure to consult his client constitutes deficient performance. 528 U.S. at 478, 120 S.Ct. 1029. A duty to consult only arises if there is reason to believe a rational defendant would want to appeal, typically because there are non-frivolous grounds for appeal or because the particular defendant demonstrated that he was interested in appealing. *Id.* at 480, 120 S.Ct. 1029. Here, there were non-frivolous grounds for appeal because the Superior Court found that: (1) testimony from Petitioner's work supervisor concerning comments she had heard from other employees that Petitioner was having sexual relations with young boys was improperly admitted; and (2) the prosecutor committed misconduct during closing argument by vouching for the credibility of the victims.[9] Super. Ct. op. at 7, 15. Since there were non-frivolous grounds for appeal, trial counsel's failure to consult with Petitioner concerning the decision to pursue a direct appeal was deficient and Petitioner has satisfied the first part of the *Strickland* test, as clarified by *Flores–Ortega. See* 528 U.S. at 480, 120 S.Ct. 1029.

■ In order to show prejudice, Petitioner must demonstrate a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. *Flores–Ortega,* 528 U.S. at 484, 120 S.Ct. 1029. Existence of non-frivolous grounds for appeal is highly relevant in determining whether or not Petitioner has established prejudice. *Id.* at 485, 120 S.Ct. 1029. As noted above, Petitioner had two non-frivolous grounds for appeal and the record discloses no reason why, had trial counsel consulted with Petitioner concerning these issues, he would have opted not to appeal. Thus, the court concludes that Petitioner has established prejudice. The remedy for this violation of Petitioner's Sixth Amendment right is the remand to the state court so that Petitioner's right to file a direct appeal can be reinstated. *See Lewis v. Johnson,* 359 F.3d at 662.

### III. CONCLUSION

Petitioner's claim that trial counsel rendered ineffective assistance by failing to preserve his right to a direct appeal is meritorious. In light of this finding, the court declines to address Petitioner's other claims and makes the following:

### *RECOMMENDATION*

AND NOW, this 18th day of September, 2007, for the reasons contained in the preceding report, it is hereby RECOMMENDED that the Petition for a writ of habeas corpus be CONDITIONALLY GRANTED as follows: Petitioner shall be discharged from all custody resulting from his Lancaster County convictions and sentences in Criminal Nos. 1732 and 1738 of 2001 unless, within thirty (30) days of the Order approving and adopting this Report and Recommendation, the Commonwealth appoints counsel for Petitioner and initi-

---

**9.** The Superior Court ultimately concluded that the errors were harmless, *see* Super. Ct. op. at 7–8, 15–16, but that does not make them frivolous. *Cf. Flores–Ortega,* 528 U.S. at 486, 120 S.Ct. 1029 (noting that a defendant need not demonstrate his appeal would ultimately be successful in order to demonstrate prejudice).

ates appropriate proceedings to allow Petitioner to pursue the direct appeal to which he is entitled.

It be so **ORDERED.**