J-S34034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA W. MILLER | |
| Appellant | No. 1802 WDA 2013 |

Appeal from the PCRA Order October 16, 2013
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001598-2009

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED AUGUST 5, 2014**

Appellant, Joshua W. Miller, appeals from the order entered in the Cambria County Court of Common Pleas, denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion, the PCRA court set forth the relevant facts and procedural history of this case as follows:

> [O]n November 10, 2010, following a three-day jury trial, [Appellant] was convicted on all counts, consisting of aggravated assault (F1), endangering welfare of children (M1), recklessly endangering another person (M2), and simple assault (M1).  These charges were based upon allegations that [Appellant], while alone and while caring for his 8-week old child on the evening of January 14, 2009, violently shook the child, causing him to suffer bleeding below his skull, known as a subdural hematoma.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

On March 2, 2011, [Appellant] was sentenced to an overall term of state incarceration of not less than 5 years, nor more than 10 years.[2]  Thereafter, [Appellant] filed an appeal to the Superior Court, and his sentence was affirmed on June 1, 2012.

(PCRA Court Opinion, filed October 16, 2013, at 1) (internal citations

---

[2] We are mindful of the United States Supreme Court's recent decision in ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), in which the Court expressly held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. ***Id.*** at ___, 133 S.Ct. at 2155, 2163, 186 L.Ed.2d at ___. Here, the court imposed the mandatory minimum sentence per 42 Pa.C.S.A. § 9718 (mandating five year minimum sentence for defendant convicted of aggravated assault under 18 Pa.C.S.A. § 2702(a)(1) when victim is less than thirteen years of age). Pursuant to Section 9718(c), the court determines applicability of the mandatory minimum at sentencing by a preponderance of the evidence (arguably in violation of ***Alleyne***). In the present case, however, the jury convicted Appellant of aggravated assault under 18 Pa.C.S.A. § 2702(a)(1). Additionally, there was no dispute as to the victim's age. Both Appellant and the Commonwealth presented evidence that the victim was approximately eight weeks old at the time of the incident. Further, the aggravated assault count in the criminal information indicated the victim's date of birth was November 17, 2008. Thus, by virtue of its verdict convicting Appellant of aggravated assault, the jury determined beyond a reasonable doubt that Appellant committed the offense against a victim who was less than thirteen years old. ***See Commonwealth v. Watley***, 81 A.3d 108 (Pa.Super. 2013) (*en banc*) (holding imposition of mandatory minimum sentence per 42 Pa.C.S.A. § 9712.1—mandating five year minimum sentence for defendant convicted of possession with intent to deliver when at time of offense defendant was in physical possession or control of firearm—was proper, where jury determined beyond reasonable doubt that appellant possessed firearms in connection with drugs). Therefore, we see no issue implicating the legality of Appellant's sentence. ***See Commonwealth v. Edrington***, 780 A.2d 721 (Pa.Super. 2001) (explaining challenge to application of mandatory minimum sentence is non-waivable challenge to legality of sentence which, assuming proper jurisdiction, this Court can raise *sua sponte*).

omitted). On March 13, 2013, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. On April 17, 2013, Appellant timely filed the current *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on July 5, 2013. A hearing on the petition took place on July 23, 2013. Ultimately, the PCRA court denied Appellant's petition on October 16, 2013. On October 30, 2013, Appellant timely filed a notice of appeal. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises three issues for our review:

> WHETHER TRIAL COUNSEL...RENDERED INEFFECTIVE ASSISTANCE BY CONCEDING AND AGREEING TO A ONE-LINE STIPULATION READ TO THE JURY RELATIVE TO A DISCOVERY VIOLATION BY THE COMMONWEALTH?
>
> WHETHER TRIAL COUNSEL...RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT (AND THEREBY WAIVING THE ISSUE FOR DIRECT APPEAL) RELATIVE TO THE ASSISTANT DISTRICT ATTORNEY'S INFLAMMATORY DEMONSTRATION DURING CLOSING ARGUMENT, WHERE SHE MIMICKED HOLDING AND SHAKING AN INFANT, WHERE NO FACTS OF RECORD SUPPORTED SUCH AN INFERENCE?
>
> WHETHER APPELLATE COUNSEL...RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ARGUE THE SUFFICIENCY OF THE EVIDENCE AT TRIAL TO SUPPORT THE JURY'S VERDICT ON AGGRAVATED ASSAULT ON DIRECT APPEAL ALTHOUGH THE ISSUE WAS RAISED IN THE [RULE] 1925[(B)] STATEMENT OF ISSUES ON APPEAL?

(Appellant's Brief at 6).

In his first issue, Appellant argues that as part of a pattern of

- 3 -

discovery violations throughout the trial, the Commonwealth introduced an undisclosed supplemental report concerning the Commonwealth's pretrial communications with the victim's mother. The Commonwealth introduced the report after the mother had testified during defense counsel's cross-examination that she had no prior contact with the district attorney's office. Although the Commonwealth called the mother as a witness, Appellant considered her a favorable witness. Appellant points to trial counsel's testimony at the PCRA hearing that counsel's cross-examination would have been different if counsel had access to the supplemental report because the report contradicted the mother's testimony. Appellant acknowledges trial counsel requested a mistrial, which the court denied. Nevertheless, Appellant claims trial counsel rendered ineffective assistance by agreeing to the following stipulation: "The Commonwealth agrees that they did not maintain proper contact with [the victim's mother], regarding the case against [Appellant]." Appellant asserts the "stipulation diminished the meritorious issue on direct appeal that the [c]ourt erred in denying the mistrial, because the Superior Court determined that the discovery violation was corrected by the stipulation." (Appellant's Brief at 13). Appellant concludes trial counsel's ineffectiveness entitles Appellant to a new trial. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's

determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We owe no deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. *Commonwealth v. Knighten*, 742 A.2d 679, 682 (Pa.Super. 1999), *appeal denied*, 563 Pa. 659, 759 A.2d 383 (2000).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, a petitioner is required to make the following showing: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the

- 5 -

issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit….” ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). “Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim.” ***Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa.Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (quoting ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004)).

> Once this threshold is met we apply the “reasonable basis” test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [***Kimball, supra***]*,* we held that a “criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.”

***Commonwealth v. Chambers***, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

Pennsylvania Rule of Criminal Procedure 573 provides:

**Rule 573.  Pretrial Discovery and inspection**

\*  \*  \*

**(B) Disclosure by the Commonwealth**

(1) *Mandatory*. In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

> (a) Any evidence favorable to the accused that is material either to guilt or to punishment, and is within the possession or control of the attorney for the Commonwealth;

> \* \* \*

Pa.R.Crim.P. 573(B)(1)(a).

> If a discovery violation occurs, the court may grant a trial continuance or prohibit the introduction of the evidence or may enter any order it deems just under the circumstances. The trial court has broad discretion in choosing the appropriate remedy for a discovery violation. Our scope of review is whether the court abused its discretion in not excluding evidence pursuant to Rule 573(E). A defendant seeking relief from a discovery violation must demonstrate prejudice. A violation of discovery does not automatically entitle appellant to a new trial. Rather, an appellant must demonstrate how a more timely disclosure would have affected his trial strategy or how he was otherwise prejudiced by the alleged late disclosure.

*Commonwealth v. Causey*, 833 A.2d 165, 171 (Pa.Super. 2003), *appeal denied*, 577 Pa. 732, 848 A.2d 927 (2004) (internal citations and quotation marks omitted).

Instantly, trial counsel strenuously argued for a mistrial based on the Commonwealth's alleged discovery violation. Trial counsel agreed to the stipulation in question only after the court denied counsel's motion for a mistrial. The court also ruled out a curative instruction on the basis that it would confuse the jury. At the PCRA hearing, trial counsel explained her actions as follows:

> [T]he mistrial was denied. So my position at that point was do whatever we can to help correct the situation so that the information that was included in that supplemental report would go to the jury possibly explained.

(N.T. PCRA Hearing, 7/23/13, at 16). In light of the court's refusal to grant a mistrial or curative instruction, counsel pursued another means of mitigating the perceived harm caused by the Commonwealth's production of the supplemental report. Regardless of what effect the stipulation might have had on Appellant's chances of successfully appealing the court's ruling, counsel had a reasonable strategic basis for agreeing to the stipulation to benefit Appellant at trial. *See Kimball, supra*. Moreover, the stipulation was not essential to this Court's rejection of Appellant's claim on direct appeal:

> Here, **[Appellant] has failed to establish that he was prejudiced by the Commonwealth's discovery violation**. When asked by the Commonwealth on redirect whether she had been contacted by Detective Wagner, [the victim's mother] responded that she didn't remember. Thus, the Commonwealth's use of the document to impeach [the mother's] credibility was *de minimus* as it did not directly contradict any of her statements.

> **Additionally, the record reveals that the Commonwealth did not intentionally withhold the supplemental report**, but that it was inadvertently not printed from Detective Wagner's [c]omputer and was not provided to the Commonwealth until the week before trial. Nevertheless, the trial court read the following stipulation to the jury: "The Commonwealth agrees that they did not maintain proper contact with [the victim's mother], regarding the case against [Appellant]."
>
> **Because the Commonwealths' discovery violation did not cause [Appellant] prejudice** and was corrected by a stipulation to the jury, we hold that the trial court did not abuse its discretion in refusing to grant [Appellant's] motion for a mistrial.

*Commonwealth v. Miller*, No. 672 WDA 2011, unpublished memorandum at 12 (Pa.Super. filed June 1, 2012) (footnote omitted) (emphasis added). Appellant has not shown a reasonable probability that the outcome of the trial or the appeal would have been different, absent the stipulation. *See Chambers, supra*. Accordingly, Appellant fails to satisfy the test for ineffectiveness of counsel on this ground. *See Williams, supra*.

In his second issue, Appellant asserts the Commonwealth presented a theatrical evidentiary demonstration during its closing argument, which mimicked a person violently shaking a child. Appellant contends this demonstration put facts before the jury which were not in evidence and invited the jury to reach a verdict based on shock and speculation instead of an objective evaluation of the evidence. Appellant concludes trial counsel was ineffective for failing to object to the Commonwealth's inflammatory

conduct during closing argument, and this Court should reverse the order of the PCRA court and remand for a new trial. We disagree.

The following principles govern our review of a claim of prosecutorial misconduct:

> In considering this claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one.
>
> Not every unwise remark on a prosecutor's part constitutes reversible error. Indeed, the test is a relatively stringent one. Generally speaking, a prosecutor's comments do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward [the defendant] so that they could not weigh the evidence objectively and render a true verdict. Prosecutorial misconduct, however, will not be found where comments were based on evidence or proper inferences therefrom or were only oratorical flair. In order to evaluate whether comments were improper, we must look to the context in which they were made.

*Commonwealth v. Harris*, 884 A.2d 920, 927 (Pa.Super. 2005), *appeal denied*, 593 Pa. 726, 928 A.2d 1289 (2007). A new trial is required "only when a prosecutor's improper remarks are prejudicial, *i.e.*, when they are of such a nature or delivered in such a manner that they may reasonably be said to have deprived the defendant of a fair and impartial trial." *Commonwealth v. Davis*, 554 A.2d 104, 111 (Pa.Super. 1989), *appeal denied*, 524 Pa. 617, 571 A.2d 380 (1989).

"A prosecutor has great discretion during closing argument. Indeed, closing 'argument' is just that: argument." *Commonwealth v. Brown*, 911 A.2d 576, 580 (Pa.Super. 2006), *appeal denied*, 591 Pa. 722, 920 A.2d 830

(2007). A prosecutor, however, must limit statements to facts in evidence and reasonable inferences therefrom and must not express personal opinions on a defendant's guilt or credibility. *Commonwealth v. Bricker*, 506 Pa. 571, 579, 487 A.2d 346, 349 (1985). "[T]he prosecutor may comment on the credibility of witnesses. Further, a prosecutor is allowed to respond to defense arguments with logical force and vigor." *Commonwealth v. Chmiel*, 585 Pa. 547, 620, 889 A.2d 501, 544 (2005), *cert. denied*, 549 U.S. 848, 127 S.Ct. 101, 166 L.Ed.2d 82 (2006) (internal citations omitted).

Trial counsel will not be deemed ineffective for failing to object where a prosecutor's remarks are "within the ambit of fair comment." *Commonwealth v. Thomas*, 539 A.2d 829, 836 (Pa.Super. 1988), *appeal denied*, 520 Pa. 604, 553 A.2d 967 (1998). Further, in cases where the outcome is controlled by credibility determinations, a prosecutor is permitted to make comments reinforcing the conflicting accounts facing the jury. *Commonwealth v. Judy*, 978 A.2d 1015, 1024 (Pa.Super. 2009). If the court instructs the jury that closing remarks are not evidence in the case, a presumption arises that the jury has followed the court's instructions. *Commonwealth v. Baker*, 531 Pa. 541, 559, 614 A.2d 663, 672 (1992).

Instantly, Appellant's brief does not cite that part of the Commonwealth's closing argument where the alleged demonstration occurred, and our review of the trial transcript was unavailing. Moreover, in its opinion, the PCRA court reasoned as follows:

At trial, the Commonwealth's expert, Dr. Janet E. Squires, opined that the victim endured head trauma/acute bleeding caused by shearing/shaking. She testified that "at some point there was shaking, something happened, and this baby was acutely abnormal, and the only thing that makes sense to me is that some other person did this." Further, she opined that "this is an inflicted injury[;] [...] we call it Abusive Head Trauma." Given this evidence, we believe that the prosecutor could fairly comment on the same, and suggest what inferences the jury should draw therefrom.

Additionally, we agree with the Commonwealth's contention that [Appellant] failed to present any witness at the PCRA hearing to show that the jury was inflamed by the prosecutor's conduct. Thus, we believe that [Appellant] has not satisfied either the arguable merit prong or prejudice prong to justify PCRA relief.

(PCRA Court Opinion at 7) (internal citations omitted). We agree. The prosecutor's alleged demonstration would be consistent with the testimony of the Commonwealth's expert witness, who opined that the baby's injuries indicated someone had shaken the baby. The prosecutor did not put new facts before the jury. *See Harris, supra*. Further, the court properly instructed the jury that closing arguments were not evidence. *See Baker, supra*. Accordingly, trial counsel was not ineffective for failing to object to the prosecutor's actions during closing argument, and this claim lacks arguable merit. *See Thomas, supra*.

In his third issue, Appellant argues the trial consisted of a "battle of the experts," where the Commonwealth's expert concluded the only reasonable explanation for the baby's injury was that somebody shook the baby. Appellant claims the jury convicted him entirely on circumstantial

- 12 -

evidence, "given the lack of witnesses, statements, or visible bruising or injury to the child." (Appellant's Brief at 17). Appellant contends the aggravated assault conviction was worthy of a challenge on direct appeal because the evidence was too weak and inconclusive to sustain the conviction. Appellant points out that appellate counsel raised a sufficiency of the evidence claim in Appellant's Rule 1925(b) statement. Nevertheless, appellate counsel ultimately declined to pursue the claim on direct appeal. Appellant concludes appellate counsel was ineffective for failing to advance a sufficiency of the evidence claim with respect to the aggravated assault conviction. We disagree.

The following principles of review apply to challenges to the sufficiency of evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the

weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

Instantly, the trial court's Rule 1925(a) opinion on direct appeal set forth the Commonwealth's evidence against Appellant as follows:

To substantiate these charges, the record reveals that the Commonwealth presented the testimony of several witnesses, who all testified that the victim had been born healthy and, apart from some constipation, never experienced any health problems, not even a cold. However, testimony was also presented that on the evening of January 14, 2009, the 8-week old victim was rushed to the Conemaugh Hospital Emergency Room by ambulance, following [Appellant's] call to 911 to report his son's limpness, unresponsiveness and shallow breathing.

Specifically, the Commonwealth presented evidence that on the day of January 14, 2009, the victim was healthy and that everything was fine. Although [Appellant] did not normally provide childcare for his son during the early evening hours, [Appellant] did so on this day, and when he finished working for the day, he took the baby-victim to visit the baby's mother, Amy McCullough, at Eat n' Park, her place of employment. During his visit at Eat n' Park, Ms. McCullough and her co-workers took turns holding and feeding the baby, and he appeared to be acting normally. [Appellant] then took the baby home, and while he was alone with him, the baby became very fussy and screamed and cried for an hour and a half. [Appellant] tried to feed him and give him a bath, but nothing would soothe the child. Evidence was then presented that the child suddenly went limp and started gasping for air, and [Appellant] called 911.

While at Conemaugh Hospital, the victim was intubated, received a blood transfusion, and was placed on anti-

seizure medication. Because of his critical condition, he was transferred to Children's Hospital in Pittsburgh. Dr. Janet E. Squires, a board-certified pediatrician who is also board-certified in pediatric child abuse, was consulted due to concerns of child abuse. Dr. Squires examined the victim, and concluded that the victim had been physically abused, evidenced by head trauma, a subdural hematoma, and retinal hemorrhaging in all four quadrants of both eyeballs. She also opined that the injuries were caused by a shearing or rotational injury from movement, such as the shaking of the child.

(Trial Court Opinion, filed June 6, 2011, at 3-4) (internal citations omitted). Moreover, in its opinion, the PCRA court reasoned as follows:

At the PCRA hearing, appellate counsel testified that based on his experience, issues relative to weight and sufficiency are less likely to obtain any kind of relief. He also testified that here, with aggravated assault, there was no doubt as to the Commonwealth's theory of the case, and that the jury was free to evaluate the credibility of Dr. Squires' testimony as to aggravated assault. Additionally, he believed it was important to only present issues of primacy on appeal, and not brief too many issues.

Appellate counsel's views relative to not advancing unmeritorious appellate issues is supported in law. Our Supreme Court has [stated] that "[i]t is not necessary to raise patently unavailing matters in order to ward off fears of a later finding of ineffectiveness; a good attorney will not disguise and thus weaken good points by camouflaging them in a flurry of makeweight issues which clearly have no merit." **Commonwealth v. Williams**, 581 Pa. 57, 65 n.5, 863 A.2d 505, 510 n.5 (2004).

Moreover, here, prior to appearing before [the] Superior Court, appellate counsel presumably read this [c]ourt's Rule 1925(a) [o]pinion, wherein we set forth the ample evidence of record to sustain the aggravated assault conviction. Additionally, we opined that the defense and the Commonwealth presented conflicting medical expert

> opinions as to what had transpired on the date in question, that the jury was free to assess the experts' credibility, and that the jury rendered its decision of guilt in accordance with its observations and assessment. Given our extensive opinion on this issue, we believe that it was reasonable for appellate counsel to forego his sufficiency of the evidence arguments before the Superior Court in order to advance more compelling claims.

(PCRA Court Opinion at 8-9) (some internal citations omitted). We accept the court's analysis. Appellant's challenge to the sufficiency of the evidence for the aggravated assault conviction under the rubric of appellate counsel's ineffectiveness lacks arguable merit; appellate counsel was not ineffective for declining to pursue this meritless claim. **See Taylor, supra; Kimball, supra**. Moreover, to the extent Appellant argues there was conflicting testimony, this claim goes to the weight of the evidence, not its sufficiency. **See Jones, supra** (stating finder of fact, while passing upon credibility of witnesses and weight of evidence produced, is free to believe all, part or none of evidence). Based upon the foregoing, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2014

- 16 -