J-S30005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARLAND MOORE | |
| Appellant | No. 1247 EDA 2013 |

Appeal from the PCRA Order April 4, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0016332-2009

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:              **FILED JUNE 04, 2015**

Appellant, Marland Moore, appeals from the order entered in the Philadelphia County Court of Common pleas, which denied his petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

In its opinion, the PCRA court fully set forth the facts of this case. Therefore, we will only briefly summarize them. On November 25, 2009, Officer Momme stopped Appellant, whom he recognized from a previous traffic stop on October 9, 2009, for disregarding a stop sign; when Officer Momme approached Appellant's car and asked Appellant to hand over his license and registration, Appellant put his car in drive and turned the vehicle toward the officer. Appellant hit the officer with the car, knocking him

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

backwards. Appellant accelerated away at a high speed and crashed into several other vehicles.

Procedurally, following a bench trial, the court convicted Appellant of aggravated assault, simple assault, recklessly endangering another person, possessing instruments of crime, criminal mischief, fleeing or attempting to elude police officer, and accidents involving death or personal injury. On November 8, 2010, the court sentenced Appellant to an aggregate term of one (1) to two (2) years' incarceration, followed by one (1) year of probation. Appellant did not file a direct appeal.

Appellant filed a timely *pro se* PCRA petition on May 5, 2011. The PCRA court appointed counsel, who filed an amended petition on July 23, 2012. Following an evidentiary hearing, the PCRA court denied Appellant's petition on April 4, 2013. On April 29, 2013, Appellant filed a timely notice of appeal. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises two issues for our review:

> WAS THE PCRA COURT'S DISMISSAL OF…APPELLANT'S PCRA PETITION UNSUPPORTED BY THE RECORD AND BASED ON LEGAL ERROR BECAUSE PRIOR COUNSEL WAS INEFFECTIVE WHEN COUNSEL FAILED TO OBJECT TO THE AGGRAVATED ASSAULT VERDICT ON PROPER GROUNDS AND FAILED TO FILE A POST-TRIAL MOTION ON THOSE GROUNDS?
>
> WAS THE PCRA COURT'S DISMISSAL OF…APPELLANT'S PCRA PETITION UNSUPPORTED BY THE RECORD AND

BASED ON LEGAL ERROR BECAUSE PRIOR COUNSEL WAS INEFFECTIVE WHEN COUNSEL FAILED TO FILE A NOTICE OF APPEAL?

(Appellant's Brief at 4).

In his first issue, Appellant argues the trial court did not specify under which subsection of the aggravated assault statute (18 Pa.C.S.A. § 2702) it convicted Appellant. Appellant contends the court's statements in support of its verdict implied the conviction fell under subsection (a)(2). Appellant asserts the court found the evidence was insufficient to prove Appellant attempted to injure the officer. Appellant likewise submits the court's finding of recklessness was insufficient to convict Appellant of aggravated assault without actual injury to the victim. Appellant also claims the court could not have convicted him of aggravated assault under subsection (a)(6) because there was no evidence, or finding by the court, that Appellant put the officer in fear of imminent serious bodily injury. Appellant argues trial counsel was ineffective when he failed to challenge the verdict on the ground that reckless conduct is insufficient to support an aggravated assault conviction, pursuant to subsection (a)(2), in the absence of serious bodily injury. Appellant asserts counsel's inaction was not part of a reasonable strategy and prejudiced Appellant because it allowed an improper conviction to stand. Appellant concludes this Court should vacate his aggravated assault conviction as relief for trial counsel's ineffectiveness. We disagree.

Our standard of review of the denial of a PCRA petition is limited to

examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We owe no deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. *Commonwealth v. Knighten*, 742 A.2d 679, 682 (Pa.Super. 1999), *appeal denied*, 563 Pa. 659, 759 A.2d 383 (2000).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, a petitioner is required to make the following showing: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa.Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (quoting ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004)).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [***Kimball, supra***]*,* we held that a "criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

***Commonwealth v. Chambers***, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

The following principles of review apply to challenges to the sufficiency of evidence:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005)

(quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super.

2003)).

The Crimes Code defines aggravated assault as follows:

**§ 2702. Aggravated assault**

**(a) Offense defined.—**A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of

the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty;

(3)    attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;

(4)    attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;

(5)    attempts to cause or intentionally or knowingly causes bodily injury to a teaching staff member, school board member or other employee, including a student employee, of any elementary or secondary publicly-funded educational institution, any elementary or secondary private school licensed by the Department of Education or any elementary or secondary parochial school while acting in the scope of his or her employment or because of his or her employment relationship to the school;

(6)    attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury;

(7)    uses tear or noxious gas as defined in section 2708(b) (relating to use of tear or noxious gas in labor disputes) or uses an electric or electronic incapacitation device against any officer, employee or other person enumerated in subsection (c) while acting in the scope of his employment;

(8)    attempts to cause or intentionally, knowingly or recklessly causes bodily injury to a child less than six years of age, by a person 18 years of age or older; or

(9) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a child less than 13 years of age, by a person 18 years of age or older.

**(b) Grading.**—Aggravated assault under subsection (a)(1), (2) and (9) is a felony of the first degree. Aggravated assault under subsection (a)(3), (4), (5), (6), (7) and (8) is a felony of the second degree.

**(c) Officers, employees, etc., enumerated.**—The officers, agents, employees and other persons referred to in subsection (a) shall be as follows:

(1) Police officer.

\* \* \*

18 Pa.C.S.A. § 2702.

Instantly, the Commonwealth presented the following evidence at trial: Officer Momme stopped Appellant, whom he recognized from a previous traffic stop, for disregarding a stop sign; when Officer Momme approached Appellant's car and asked Appellant to hand over his license and registration, Appellant put his car in drive and turned the vehicle toward the officer; Appellant hit the officer with the car, knocking him backwards; Appellant accelerated away at a high speed and crashed into several other vehicles. Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to find Appellant attempted by physical menace to put Officer Momme in fear of imminent serious bodily injury. **See Jones, supra**. Therefore, the evidence was sufficient to convict Appellant of aggravated assault pursuant to 18 Pa.C.S.A. § 2702(a)(6). The charging

documents charged Appellant generally with aggravated assault.  At the end of trial, the court stated: "I find [Appellant] guilty of aggravated assault graded as an F2."  (N.T. Trial, 9/27/10, at 55).  The sentencing order likewise indicated that Appellant was convicted of aggravated assault as a second-degree felony.  Aggravated assault under subsection (a)(6) is a second-degree felony, whereas a conviction under subsection (a)(2) is a first-degree felony.  **See** 18 Pa.C.S.A. § 2702.  Thus, the record belies Appellant's claim that he was convicted under subsection (a)(2) rather than (a)(6).  Additionally, in its opinion, the PCRA court confirmed it had concluded at trial that Appellant had placed Officer Momme in fear of imminent serious bodily injury by physical menace.[2]  The evidence presented at trial was sufficient to convict Appellant of aggravated assault pursuant to 18 Pa.C.S.A. § 2702(a)(6).  Accordingly, Appellant's ineffectiveness claim fails because he suffered no prejudice from trial counsel's failure to raise a sufficiency challenge in a post-trial motion or direct appeal.  **See Williams, supra**; **Chambers, supra**.

In his second issue, Appellant argues he asked trial counsel immediately after trial to file a direct appeal.  Appellant asserts counsel failed to honor that request and file a notice of appeal (or a petition to withdraw coupled with a brief pursuant to **Anders v. California**, 386 U.S.

---

[2] The PCRA jurist was the same person who presided over Appellant's trial.

738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)).  Appellant disputes trial counsel's testimony at the PCRA hearing that counsel was satisfied with the verdict and Appellant did not at any time request an appeal.  Appellant contends the trial transcript shows counsel was concerned about the legality of the verdict, corroborating Appellant's testimony at the PCRA hearing that counsel said he was going to file an appeal "because the [j]udge did some illegal stuff."  (Appellant's Brief at 17 (quoting N.T. PCRA Hearing, 4/4/13, at 4)).  Appellant claims the record fails to support the PCRA court's credibility findings.  Appellant submits trial counsel's failure to file a notice of appeal had no reasonable strategic basis and prejudiced Appellant by depriving him of his fundamental right to effective appellate counsel.  Appellant concludes trial counsel rendered ineffective assistance by failing to file a direct appeal, and this Court should vacate Appellant's aggravated assault conviction or, in the alternative, reinstate Appellant's direct appeal rights *nunc pro tunc*.  We disagree.

"Before a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request."  **Knighten, supra** at 682 (citing **Commonwealth v. Lantzy**, 558 Pa. 214, 736 A.2d 564 (1999) (holding counsel will be deemed ineffective if counsel is unjustified in failing to file requested direct appeal)).  "Mere allegation will not suffice; the burden is on Appellant to plead and prove that his request for an appeal was ignored or

rejected by trial counsel." ***Commonwealth v. Harmon***, 738 A.2d 1023, 1024 (Pa.Super. 1999), *appeal denied*, 562 Pa. 666, 753 A.2d 815 (2000).

Instantly, Appellant testified at the PCRA hearing that he had asked trial counsel, at the conclusion of the trial, to file a direct appeal. Appellant claimed counsel agreed to "put the paperwork in [for the appeal] because the [j]udge did some illegal stuff." (N.T. PCRA Hearing at 4). Following sentence imposition, trial counsel told Appellant: "You have ten days to ask Your Honor to reconsider her sentence and 30 days to appeal to [the] Superior Court. Should you wish to do either of those things, if you contact my office, we will do that for you." (N.T. Sentencing, 11/8/10, at 8). Appellant testified he did not ask trial counsel to file a direct appeal after sentencing, because Appellant had already asked counsel to do so on the date of trial.

Trial counsel testified that his case file indicated Appellant did not request a direct appeal at any time. Counsel disputed Appellant's claim that counsel said he would file an appeal. Counsel also had no recollection of telling Appellant the trial court did "illegal stuff." Counsel acknowledged he sought clarification of the trial court's verdict after it was announced, but was satisfied with the court's response.

In reviewing Appellant's claim, the PCRA court stated:

> There is nothing in the record indicating [Appellant] asked [trial counsel] either to file an appeal or for information about the appellate process during or directly after the trial or sentencing. The only evidence [Appellant] has brought

- 11 -

forth to support his assertion that he asked [trial counsel] to file an appeal is [Appellant's] own handwritten statement filed on May 5, 2011,[3] as well as [Appellant's] testimony at the Evidentiary Hearing on April 4, 2013.

[Trial counsel] did not recall [Appellant] requesting an appeal. [Trial counsel] did not indicate that information on his case file, as is protocol, or in his handwritten notes. [Trial counsel] did not recall [Appellant] asking in person or through correspondence for an appeal.

Because there is no documentation to rely on, the court had to weigh the credibility of [Appellant] and [trial counsel]. Ultimately, the court found [trial counsel] to be credible…regarding whether [A]ppellant requested an appeal.

(PCRA Court Opinion, filed September 23, 2014, at 7) (internal citations to the record omitted). The record supports the PCRA court's credibility determination. *See Knighten, supra*. Appellant failed to prove he requested trial counsel to file a direct appeal, and counsel unjustifiably disregarded that request. *See Lantzy, supra*; *Knighten, supra*; *Harmon, supra*. Therefore, Appellant's claim that trial counsel was ineffective for failing to file a direct appeal merits no relief. *See Kimball, supra*; *Boyd, supra*. Based on the foregoing, we affirm the order denying PCRA relief.

Order affirmed.

_____

[3] This statement was part of Appellant's original *pro se* PCRA petition.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/2015