J-S05027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ORLANDO PORTFOLIO RODRIGUEZ, | |
| Appellant | No. 962 MDA 2015 |

Appeal from the PCRA Order May 18, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002896-2012,
CP-06-CR-0002898-2012

BEFORE:  BENDER, P.J.E., SHOGAN, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 08, 2016**

Appellant, Orlando Portfolio Rodriguez,[1] appeals *pro se* from the order entered on May 18, 2015, that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant factual background of this case as follows:

> In Informations filed on July 10, 2012, [Appellant] was charged under Docket No. 2896-12 with one (1) count of Possession of a Controlled Substance[1] and one (1) violation of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's name is spelled Orlando Portfolio Rodriguez, Orlando Portfilio Rodriguez, and Orlando Portfllio Rodriguez throughout the certified record. As the docketing statement lists Appellant's name as Orlando Portfolio Rodriguez, that is the spelling we utilize in our disposition.

the General Lighting Requirements[2] of the Motor Vehicle Code. Under Docket No. 2898-12, [Appellant] was charged with one (1) count of Persons Not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms[3] (hereinafter "Persons Not to Possess Firearms"), one (1) count of Firearms Not to be Carried without a License,[4] one (1) count of Conspiracy to Commit Firearms Not to be Carried without a License,[5] one (1) count of Possession of a Controlled Substance,[6] and one (1) additional violation of the General Lighting Requirements[7] of the Motor Vehicle Code.

[1]  35 P.S. § 780-113(a)(16).
[2]  75 PA. CONS. STAT. § 4303(b).
[3]  18 PA. CONS. STAT. § 6105(a)(1).
[4]  18 PA. CONS. STAT. § 6106(a)(1).
[5]  18 PA. CONS. STAT. § 903(a)(1).
[6]  35 P.S. § 780-113(a)(16).
[7]  75 PA. CONS. STAT. § 4303(b).

On August 1, 2012, Jay Nigrini, Esquire (hereinafter "trial counsel") filed Omnibus Pretrial Motions on [Appellant's] behalf under both dockets. In those motions, trial counsel sought suppression of the evidence. The Court held a hearing on [Appellant's] motions on September 7, 2012. Thereafter, the Court issued FINDINGS OF FACT AND CONCLUSIONS OF LAW and denied [Appellant's] pretrial motions on September 24, 2012.

Following bench trials held on July 29, 2013, [Appellant] was found guilty of all counts under both dockets. On October 18, 2013, the Court sentenced [Appellant] to concurrent terms of no less than eleven and a half (11½) to no more than twenty-three (23) months on the Persons Not to Possess Firearms and Firearms Not to be Carried without a License counts under Docket No. 2898-12. [Appellant] was also ordered to complete a seven (7) year probationary term on the Conspiracy count at the expiration of his prison terms.[8][,] [9] No post-sentence motions or direct appeals were filed.

[8] Under Docket No. 2898-12, [Appellant] was also sentenced to a one (1) year probationary term on the Possession count to be served concurrently with the seven (7) year probationary term. [Appellant] was also ordered to pay a $25 fine for his Motor Vehicle Code violation.

- 2 -

[9] Under Docket No. 2896-2012, [Appellant] was sentenced to a concurrent one (1) year probationary term on the Possession count and ordered to pay an additional $25 fine for his Motor Vehicle Code violation.

[Appellant] filed a *pro se* MOTION FOR POST CONVICTION COLLLATERAL [sic] RELIEF (hereinafter "PCRA petition") on June 13, 2014. J. Allen Daringer, Esquire, was appointed to represent [Appellant] on June 18, 2014, regarding the disposition of his PCRA petition. Attorney Daringer was directed by this Court to file, after careful review of the record and the PCRA petition, either an amended PCRA petition, pursuant to Pennsylvania Rule of Criminal Procedure 905, detailing the [Appellant's] eligibility for relief or a "No-Merit" Letter, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), detailing the reasons why this Court should allow him to withdraw as counsel.

PCRA counsel reviewed the entire official record and researched relevant and applicable law. Based upon that review, on March 9, 2015, PCRA counsel filed a "No-Merit" Letter, pursuant to *Turner* and *Finley*, requesting leave to withdraw as counsel. In the "No-Merit" Letter, counsel expressed that, in his professional judgment, there are no genuine issues of material fact that [Appellant] can raise to show that his claims have arguable merit. Following an independent review, it is also the opinion of this Court that [Appellant's] PCRA petition is lacking in merit and no purpose would be served by any further proceeding in this matter.

Order and Notice of Intent to Dismiss, 4/21/15, at 1-3.

The PCRA court filed its notice of intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907 and permitted Attorney Daringer to withdraw. On May 11, 2015, Appellant filed a *pro se* response. The PCRA court reviewed Appellant's response, and in an order filed on May 18, 2015, it dismissed Appellant's PCRA petition without a hearing. Appellant filed a

timely notice fo appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises three questions for this Court's consideration, which are presented, verbatim, as follows:

1). DID THE TRIAL COURT ERR AS A MATTER OF LAW WHEN DENYING APPELLANT"S MOTION TO SUPPRESS EVIDENCE IN VIOLATION OF HIS STATE AND FEDERAL RIGHTS TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES WITHOUT REASONABLE SUSPICION THAT HE WAS ENGAGED IN CRIMINAL ACTIVITY, ARRESTED WITHOUT PROBABLE CAUSE THAT HE HAD COMMITTED OR WAS COMMITTING A CRIME AND WHERE HIS VEHICLE WAS SEARCHED WITHOUT PROBABLE CAUSE, SEARCH WARRANT OR ANY EXIGENT CIRCUMSTANCES ?

2). DID APPELLANT SUFFER A DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, SENTENCING, DIRECT APPEAL AND PCRA REVIEW ?

3). DID THE PCRA COURT ERR IN DISMISSING APPELLANT'S PCRA ACTION WITHOUT AN EVIDENTIARY HEARING WHERE IT'S JULY 15, 2015 OPINION MEMORANDUM MISCONSTRUES FACTS CONTAINED IN APPELLANT'S RESPONSE TO THE PROPOSED DISMISSAL ?

Appellant's Brief at 3.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa.

Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014). Moreover, we point out that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting **Commonwealth v. Barbosa**, 819 A.2d 81 (Pa. Super. 2003)).

In Appellant's first claim of error, he purports to challenge the denial of his pretrial motion to suppress evidence. However, we are constrained to point out that this issue is not properly before this Court. An issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). Because Appellant did not pursue this challenge in a direct appeal, the claim has been waived.[2]

In his second issue on appeal, Appellant alleges several instances of ineffective assistance of counsel. Appellant claims counsel did not raise the

_____

[2] We note also an alternative basis for finding waiver insofar as Appellant did not include this issue in his Pa.R.A.P. 1925(b) statement. Issues not included in a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) are waived. **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005).

vindictiveness of the police, obtain reports and testimony from Officer Klatt, contest constructive possession, and file an appeal. Appellant's Brief at 11-12.

Counsel is presumed effective, and it is the defendant's burden to prove ineffectiveness. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant must demonstrate that: (1) the underlying claim has arguable merit; (2) counsel did not have a reasonable basis for his actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. *Id*. An appellant's claim fails if he cannot meet any one of these prongs. *Id*.

In the case at bar, with respect to the claim of vindictiveness and failure to question Officer Klatt, Appellant has not made any argument to satisfy his burden under the three-pronged test set forth above. "Claims of ineffective assistance of counsel are not self-proving." *Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002). In order to be entitled to relief, Appellant must set forth individually and discuss substantively each prong of the test outlined above. Here, however, Appellant has presented only unsupported accusations and bald claims of ineffectiveness. Such claims do not satisfy the burden of establishing ineffectiveness. *Id*. at 986-987 (citing *Commonwealth v. Bracey*, 95 A.2d 935, 940 (Pa. 2001)). Accordingly, these claims are waived. *Commonwealth v. Steele*, 961 A.2d 786, 797-799 (Pa. 2008).

As noted, Appellant argues that trial counsel failed to challenge constructive possession. Appellant's Brief at 11. However, we must point out that Appellant did not raise this issue in his Pa.R.A.P. 1925(b) statement, and therefore, the issue is waived. **Castillo**, 888 A.2d at 780.[3]

Appellant's final claim of ineffective assistance of counsel is that counsel did not file an appeal. Appellant's Brief at 12. "Before a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." **Commonwealth v. Knighten**, 742 A.2d 679, 682 (Pa. Super. 1999). However, the rule in **Knighten** has been modified, and we note that counsel also has a duty to "adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal." **Commonwealth v. Bath**, 907 A.2d 619, 623 (Pa. Super. 2006) (citations omitted). This constitutional duty to consult arises "when counsel has occasion to believe either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." **Commonwealth v. Touw**, 781 A.2d 1250, 1254 (Pa. Super. 2001) (quoting **Roe v. Flores–Ortega**, 528 U.S. 470, 480 (2000)). An appellant may

---

[3] Moreover, Appellant has not provided relevant argument, citation to the record, citation to authority, or any support for this claim.

establish a duty to consult by identifying issues that "rise above frivolity" and have potential merit for further review. ***Bath***, 907 A.2d at 623 (citations omitted).

The PCRA court addressed this issue as follows:

> [Appellant's] argument appears to be based on trial counsel's failure to file a direct appeal. However, [Appellant] never argued or provided any proof that he requested trial counsel file a direct appeal. In fact, the only reference to trial counsel's performance in [Appellant's] *pro se* PCRA petition is a brief mention on page 7 to a case which [Appellant] described as 'counsel was ineffective for failing to file direct appeal from conviction.' "Before a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." *Commonwealth v. Knighten*, 742 A.2d 679, 682 (Pa. Super. 1999). Furthermore, any other allegations of trial counsel's ineffectiveness will not be addressed because [Appellant's] general claims are without reference to evidence in the record or specific facts. "Such an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [Appellant's] burden of establishing that he is entitled to [PCRA] relief." *Commonwealth v. Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001).

Order and Notice of Intent to Dismiss, 4/21/15, at 7.

We agree with the PCRA court that Appellant's claim is meritless, and we conclude that Appellant is entitled to no relief. Appellant failed to illustrate what non-frivolous issues he wanted to raise, aside from bald claims of error, or to establish that he reasonably demonstrated an interest in filing a direct appeal. ***Touw***, 781 A.2d at 1254; ***Bath***, 907 A.2d at 623. Moreover, to the extent that Appellant claims that PCRA counsel was ineffective, we conclude that this claim fails. Again, Appellant provides only

bald allegations and accusations without any meaningful support. Accordingly, this claim is waived. *Wharton*, 811 A.2d at 986; *Steele*, 961 A.2d at 797-799.

Finally, Appellant claims that the PCRA court erred in dismissing his petition without a hearing. We disagree. As stated above, Appellant had no right to an evidentiary hearing. *Jones*, 942 A.2d at 906. If the PCRA determines from the record that no genuine issues of material fact exist, a hearing is not necessary. *Id*.

As we discussed earlier, Appellant's counsel was permitted to withdraw pursuant to *Turner/Finley* because the PCRA court agreed that there were no meritorious claims Appellant could bring. Moreover, we agree with the PCRA court that Appellant did not present meritorious issues in his *pro se* PCRA petition. As such, we discern no error in the PCRA court denying Appellant's PCRA petition without a hearing. *Jones*, 942 A.2d at 906.

After review, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the order denying his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016