COMMONWEALTH of Pennsylvania,
Appellee,

v.

Albert KNIGHTEN a/k/a James White
a/k/a Harvey Graham, Appellant.

Superior Court of Pennsylvania.

Submitted July 19, 1999.

Filed Nov. 24, 1999.

Del Atwell, Philadelphia, for appellant.

Catherine Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before MUSMANNO, J., CERCONE, President Judge Emeritus and OLSZEWSKI, J.

MUSMANNO, J.:

¶ 1 Appellant Albert Knighten ("Knighten") appeals from an Order dismissing his first Petition for relief filed pursuant to the Post–Conviction Relief Act. *See* 42 Pa.C.S.A. §§ 9541–9546. We affirm.

¶ 2 The pertinent facts of this case are as follows. Knighten was convicted, after a jury trial, of third degree felony robbery, *see* 18 Pa.C.S.A. § 3701(a)(1)(v),[1] in connection with an incident that occurred on June 10, 1988. On that date, Knighten forcibly took earrings and a gold chain from the complainant while she was wearing them.

¶ 3 Knighten pled guilty to second degree felony robbery, *see* 18 Pa.C.S.A. § 3701(a)(1)(iv),[2] in connection with an incident that occurred on March 7, 1989. During that incident, Knighten forcibly re-

---

1. A person is guilty of third degree felony robbery, if, in the course of committing a theft, he "physically takes or removes property from the person of another by force however slight." 18 Pa.C.S.A. § 3701(a)(1)(v).

2. A person is guilty of second degree felony robbery if, in the course of committing a theft, he "inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury...." 18 Pa.C.S.A. § 3701(a)(1)(iv).

moved earrings from another complainant's ears, causing her ears to bleed.

¶ 4 Knighten committed another criminal offense on April 12, 1989, when he forcibly took earrings from yet another complainant's ears. Knighten pled guilty to third degree felony robbery, see 18 Pa. C.S.A. § 3701(a)(1)(iv), in connection with that occurrence.

¶ 5 On June 7, 1989, a police officer observed Knighten looking into the glove compartment of a parked car. The officer also noticed that the steering column of the car was broken. Knighten pled guilty, in connection with that incident, to theft by unlawful taking, see 18 Pa.C.S.A. § 3921.

¶ 6 On June 20, 1989, the trial court sentenced Knighten to a prison term of one to ten years for his conviction of second degree felony robbery. For each of his convictions of third degree felony robbery, the trial court sentenced Knighten to a prison term of one to seven years, to run concurrently with the sentence imposed on the second degree felony robbery conviction. For his conviction of theft by unlawful taking, the trial court sentenced Knighten to a prison term of one to seven years, to run concurrently with the sentence imposed on the second degree felony robbery. Knighten did not file a post-sentence motion or an appeal of the judgment of sentence.

¶ 7 On December 12, 1994, Knighten, acting pro se, filed a PCRA Petition, in which he alleged, inter alia, that his trial counsel, Paula Lappe ("Lappe"), was ineffective in advising him to plead guilty, and that his sentence was illegal. The PCRA court appointed William A. Love ("Love") to assist Knighten with his PCRA Petition. Love subsequently filed a "no-merit" letter pursuant to Commonwealth v. Finley, 379 Pa.Super. 390, 550 A.2d 213 (1988), and the PCRA court dismissed Knighten's PCRA Petition on April 12, 1996. On April 23, 1996, the PCRA court rescinded its Order dismissing Knighten's Petition on the basis that Knighten had raised an issue of arguable merit: that Lappe had failed to file a direct appeal after Knighten had requested that she do so. On May 8, 1996, Love filed an Amended PCRA Petition on Knighten's behalf. In that Amended PCRA Petition, Knighten contended that Lappe was ineffective for failing to file a direct appeal, and requested permission to file an appeal nunc pro tunc.

¶ 8 The PCRA court allowed Love to withdraw as counsel and appointed new counsel to assist Knighten with his PCRA Petition. On August 26, 1996, new counsel for Knighten filed a second Amended PCRA Petition. In the second Amended Petition, Knighten contended again that Lappe was ineffective for failing to file a direct appeal, and requested that he be permitted to file an appeal nunc pro tunc or that he be granted a new trial on the basis of the ineffective assistance of counsel.

¶ 9 On June 15, 1998, after an evidentiary hearing, the PCRA court denied Knighten's PCRA Petition. The PCRA court concluded that Knighten had failed to prove that his guilty pleas were coerced or entered unknowingly due to the ineffective assistance of counsel. The PCRA court further determined that Knighten failed to prove that he had requested that Lappe file a direct appeal of the sentences imposed.

¶ 10 Knighten then filed this timely appeal in which he contends that: (1) his guilty pleas were invalid; (2) the evidence was insufficient to sustain a conviction of robbery in the second degree; (3) he was denied a fair trial and due process;[3] (4) his sentence was illegal; and (5) he was denied effective assistance of counsel. Knighten contends that Lappe was ineffec-

---

**3.** We note that Knighten's challenges to the validity of his guilty pleas and the sufficiency of the evidence, and his assertion that he was denied a fair trial and due process, were not raised in his PCRA Petition or in his Amended Petitions. These substantive issues could have been raised by Knighten in a nunc pro tunc appeal, had one been granted.

tive for (1) failing to file a direct appeal; (2) convincing him to plead guilty; and (3) failing to obtain the notes of testimony of the trial and guilty pleas.

¶ 11   When examining a post-conviction court's grant or denial of relief, our scope of review is limited to determining whether the court's findings were supported by the record and the court's order is otherwise free of legal error. *Commonwealth v. Granberry*, 434 Pa.Super. 524, 644 A.2d 204 (1994).

¶ 12   To be eligible for PCRA relief on an ineffectiveness of counsel claim, a petitioner must plead and prove that his conviction resulted from ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Legg*, 447 Pa.Super. 362, 669 A.2d 389 (1995).   Counsel will be deemed ineffective only when there is arguable merit to the underlying claim, the course counsel chose had no reasonable basis designed to effectuate the interest of the petitioner, and the petitioner demonstrates prejudice caused by counsel's acts or omissions. *Commonwealth v. Carter*, 443 Pa.Super. 231, 661 A.2d 390 (1995).

¶ 13   We will first address Knighten's claim that trial counsel was ineffective in failing to file a direct appeal because that issue is dispositive of certain of the other claims Knighten raises in this appeal.   Before a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request. *Commonwealth v. Harmon*, 738 A.2d 1023, 1024 (Pa.Super.1999). *See also Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999) (holding that, if counsel is unjustified in failing to file a requested direct appeal, counsel will be deemed ineffective).   In addition, if a post-conviction court's credibility determination is supported by the record, it is binding on the appellate court.

*Commonwealth v. Greene*, 702 A.2d 547 (Pa.Super.1997).

¶ 14   At the evidentiary hearing on Knighten's PCRA Petition, Knighten testified that he had requested that Lappe file an appeal from the judgment of sentence. *See* N.T., 6/15/98, at 9–21.   Lappe testified that Knighten had not asked her to file an appeal. *Id.* at 55.   The PCRA court accepted Lappe's testimony and found it credible. *See* PCRA Court Opinion, 12/30/98, at 5.

¶ 15   The record supports the PCRA court's finding that Knighten did not ask Lappe to file an appeal.   We therefore must accept the trial court's credibility determination and conclude that the PCRA court properly determined that trial counsel was not ineffective for failing to file a direct appeal.

¶ 16   In *Harmon*, this Court stated:

> Ordinarily, absent extraordinary circumstances, the failure to file a direct appeal from a judgment of sentence amounts to waiver of any claim which could have been raised in such an appeal, thereby precluding collateral relief.

*Harmon*, at 1025.   However, we do not construe this general statement as contravening the long-standing proposition that a claim of ineffective assistance of counsel properly is preserved if it is raised at the first opportunity that the petitioner is represented by new counsel. *See Commonwealth v. Williams*, 557 Pa. 207, 732 A.2d 1167 (1999) (noting that a claim of ineffectiveness must be raised at the earliest possible stage in which the allegedly ineffective counsel no longer represents the petitioner).   If a petitioner's trial and appellate counsel are the same, counsel is not required to assert his own ineffectiveness in post-verdict or direct appeal proceedings. *See Commonwealth v. Green*, 551 Pa. 88, 709 A.2d 382 (1998).   Therefore, if there is no intervening substitution of counsel, there is no waiver of claims of ineffective assistance of counsel by virtue

of the failure to raise them on direct appeal. *Id.*

¶ 17 In this case, because Knighten had no intervening counsel between his representation by his trial counsel and the filing of his PCRA Petition, this is Knighten's first opportunity to raise his allegations of trial counsel's ineffectiveness. Therefore, we hold that the waiver of issues pursuant to the rule set forth in *Harmon*, in these circumstances, does not include a waiver of claims of ineffective assistance of trial counsel. Accordingly, because we have affirmed the trial court's determination that counsel was not ineffective for failing to file a direct appeal, the remaining issues that Knighten has raised in the present appeal are waived except for his allegations of the ineffectiveness of his trial counsel, and his assertion that his sentence was illegal. *See Commonwealth v. Quinlan*, 433 Pa.Super. 111, 639 A.2d 1235 (1994) (stating that the issue of the legality of a sentence is a non-waivable matter).

¶ 18 Knighten contends that trial counsel was ineffective in failing to order the notes of testimony of Knighten's trial, guilty pleas, and sentencing. Knighten did not raise this contention in his PCRA Petition or his Amended Petitions. If an issue is not raised in the first instance in a PCRA Petition, we cannot consider it on appeal. *Commonwealth v. Wallace*, 555 Pa. 397, 724 A.2d 916 (1999). Moreover, Knighten, who is represented by new counsel in this appeal, does not claim that his PCRA counsel were ineffective for failing to raise this contention in his Amended Petitions.

¶ 19 Knighten also contends that trial counsel was ineffective for inducing him to plead guilty to the charge of second degree felony robbery. Knighten asserts the following: (1) that he was under a diminished capacity at the time he pled guilty; (2) and that trial counsel "fraudulently convinced" him to plead guilty to second degree felony robbery by misleading him that the sentence imposed for that crime would be a prison term of one to seven years instead of one to ten years.

¶ 20 Knighten asserts that, because the transcripts of Knighten's guilty plea colloquy are not before us in this appeal, we cannot allow his judgment of sentence to stand. However, Knighten does not attempt to create an equivalent picture of his guilty plea proceeding. "When a transcript of proceedings is unavailable, our rules of court provide an alternative so as not to preclude appellate review." *Commonwealth v. Michuck*, 454 Pa.Super. 594, 686 A.2d 403, 408 (1996). Pennsylvania Rule of Appellate Procedure 1923 provides as follows:

### Rule 1923. Statement in Absence of Transcript

If no report of the evidence of proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose statements thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.

Pa.R.A.P.1923.

¶ 21 Our Court has repeatedly held that issues dependent upon a missing record for appellate review are waived where—as here—the appellant makes no attempt to reconstruct the missing portion of the record. *See Michuck*, 686 A.2d at 407–08 (holding that the appellant's failure to provide the transcript of *voir dire* or a Rule 1923 substitute waives a claim of improper jury selection on appeal); *Commonwealth v. McGriff*, 432 Pa.Super. 467, 638 A.2d 1032 (1994) (holding that, where the transcript is lost in the trial court, appellant's failure to comply with Rule

1923 renders his claim unreviewable on the merits); *Commonwealth v. Buehl*, 403 Pa.Super. 143, 588 A.2d 522 (1991) (holding that an appellate court will not consider the merits of contentions not supported by either the record or a statement provided in accordance with Rule 1923). We therefore conclude that Knighten's challenge to the validity of his guilty plea is waived on appeal.

¶ 22  Knighten also contends that the sentence imposed on the second degree felony robbery charge was illegal. Under the PCRA, the only sentencing claim that is cognizable is that the sentence imposed was greater than the lawful maximum. 42 Pa.C.S.A. § 9543(a)(2)(vii). Knighten's sentence of one to ten years is within the lawful maximum because the crime of robbery under section 3701(a)(1)(iv) is a felony of the second degree punishable by a maximum sentence of not more than ten years. *See* 18 Pa.C.S.A. § 3701(b); 18 Pa.C.S.A. § 106(b)(3). Thus, Knighten's claim is not cognizable under the PCRA.

¶ 23  Order affirmed.