J-S51039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES R. HORROCKS, | |
| Appellant | No. 3523 EDA 2015 |

Appeal from the PCRA Order October 30, 2015
in the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0002581-2012

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 09, 2016**

Appellant, Charles R. Horrocks, appeals from the denial of his first counseled petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We take the factual and procedural history in this matter from the PCRA court opinion and our review of the certified record.  On October 18, 2012, Appellant pleaded guilty to homicide by vehicle while driving under the influence (DUI), homicide by vehicle, accidents involving death or personal injury, accidents involving death while not properly licensed, DUI, and related summary offenses.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 75 Pa.C.S.A. §§ 3735(a), 3732(a), 3742(a), 3742.1(a), and 3802(a)(1) respectively.

The charges stemmed from an incident on February 19, 2012. After drinking at a bar with friends, Appellant left that bar and drove his vehicle sixty-miles per hour in a thirty-five-mile per hour zone. He swerved to avoid a slower car in front of him, and struck a pedestrian, Eric Beck, killing him. Appellant did not stop his car, or even slow down. Instead he fled the scene of the accident to meet his friends at a second bar. Upon arriving at the second bar, he continued drinking and partying with his friends.

At the time of the accident, Appellant was on probation for a robbery and conspiracy to commit robbery conviction. His license was suspended and he did not have insurance for his vehicle nor was the vehicle registered in his name. The next morning, after learning that Mr. Beck had died, Appellant hid his vehicle in a storage facility.

After his arrest, Appellant's parents retained Louis Busico, Esq., as counsel to represent Appellant. (*See* N.T. PCRA Hearing, 9/04/15, at 16). Mr. Busico entered his appearance with the understanding that Appellant would plead guilty in this case. The PCRA court found that Appellant was aware of the terms of Mr. Busico's appearance. (*See* PCRA Court Opinion, 2/24/16, at 2).

At his guilty plea hearing on October 18, 2012, the trial court administered a guilty plea colloquy, and notified Appellant of the charges against him and the maximum penalties that could be imposed. (*See* N.T. Guilty Plea Hearing, 10/18/12, at 13-18). Appellant acknowledged that he understood the possible penalties. He testified that he was satisfied with

counsel's representation, he was not forced to plead guilty, he was entering the plea voluntarily, and he had discussed possible defenses with counsel. (*See id.* at 18-19). He acknowledged that there was a mandatory minimum sentence of not less than three nor more than six years' imprisonment for homicide by vehicle, DUI, but that he might still face additional time. (*See id.* at 19-20). Finally, before Appellant pleaded guilty, the court explained to him that he faced a maximum term of imprisonment of thirty-one years. (*See id.* at 22).

After pleading guilty, Appellant requested a deferral of sentencing. During the deferral, Mr. Busico "arrange[d] for Appellant to be psychologically evaluated and for Appellant's friends and family to submit character letters in support of [him]." (PCRA Ct. Op., at 3) (record citation omitted). Counsel also "engaged in negotiations with Appellant's probation officer to secure a concurrent sentence on his probation violation. However, . . . shortly prior to the sentencing, [] negotiations 'fell apart[.]'" (*Id.*) (record citation omitted).

On December 13, 2012, the court conducted a sentencing hearing, after which it imposed an aggregate sentence of not less than six and one-half nor more than thirteen years of incarceration, followed by a five-year term of probation. (*See* N.T. Sentencing, 12/13/12, at 59-61). Appellant did not file a post-sentence motion or direct appeal.

On July 29, 2013, Appellant filed a *pro se* PCRA petition. The court appointed counsel who filed an amended petition on January 16, 2015.

- 3 -

Appellant retained private counsel who entered his appearance and filed an amended PCRA petition on September 2, 2015.[2]

On September 4, 2015, the PCRA court conducted an evidentiary hearing on Appellant's PCRA petition. At that hearing the PCRA court heard from Mr. Busico, who testified that:

> Prior to the entry of Appellant's guilty plea, Mr. Busico reviewed the elements of the offenses with Appellant. Mr. Busico confirmed that he never promised Appellant that he would receive a sentence of three (3) to six (6) years if he would plead guilty. He further testified that he did not make any promises to Appellant concerning how his sentence would be served, only advising Appellant that it would be a state sentence and informing him of various programs of which he could avail himself while in custody to potentially aid in the timing of his eventual release. Furthermore, Mr. Busico never promised Appellant that he would be able to serve his time at any particular state facility or be able to serve a portion of his sentence in a halfway house. After reviewing all of this information with Appellant, Appellant indicated to Mr. Busico that he would plead guilty to the offenses.

(PCRA Ct. Op., at 2-4) (record citations omitted).

Mr. Busico testified that neither Appellant nor his family requested that he file a direct appeal. (**See** N.T. PCRA Hearing, 9/04/15, at 68). He testified that the only appeal that was ever mentioned in discussions with Appellant and his parents was "an appeal of a notice of suspension for driver's license." (**See id.** at 72). Finally, Mr. Busico testified that had

---

[2] Prior to retaining PCRA counsel, Appellant filed a *pro se* amended PCRA petition on February 6, 2015.

- 4 -

Appellant directed him to file a motion for reconsideration of sentence, he would have complied with Appellant's request and filed it. (*See id.* at 73).

Appellant also testified at the PCRA evidentiary hearing. During his testimony he alleged that Mr. Busico informed him that if he pleaded guilty he would receive the mandatory minimum sentence, and that when Appellant told Mr. Busico that he was not guilty of some offenses, Mr. Busico still suggested he plead guilty and be sentenced to the mandatory minimum. (*See* N.T. PCRA Hearing, 1/23/15, at 14-15; N.T. PCRA Hearing, 9/04/15, at 31). Appellant claims that, immediately after receiving his sentence, he told Mr. Busico that he wanted to file a reconsideration as well as a direct appeal. (*See* N.T. PCRA Hearing, 9/04/15, at 22).

Finally, Charles Horrocks, Sr., Appellant's father, testified at the evidentiary hearing claiming that he, together with other family members asked Mr. Busico about the possibility of filing an appeal and a motion for reconsideration following Appellant's sentencing. (*See id.* at 76). He alleged that he spoke with Mr. Busico on the phone and reiterated Appellant's request to file a motion for reconsideration and an appeal. (*See id.*).

"After taking the matter under advisement, th[e PCRA c]ourt **found Mr. Busico to be a credible witness** and issued an [o]rder on October 30,

2015[,] denying Appellant's [p]etition[.]" (PCRA Ct. Op., at 6) (emphasis added). This timely appeal followed.[3]

Appellant raises two issues on appeal:

1. Whether Appellant's trial counsel was *per se* ineffective for failure to file a motion for reconsideration and direct appeal, as requested by Appellant?

2. Whether Appellant's guilty plea was rendered involuntary and unknowing through the ineffective assistance of counsel, where Appellant's counsel induced Appellant into pleading guilty with the false promises that Appellant would receive the mandatory minimum sentence of three (3) to six (6) years for DUI homicide conviction and that this sentence would be imposed concurrently with the sentence for the direct violation of his probation?

(Appellant's Brief, at 4).

Our standard of review concerning denial of a PCRA petition is well-settled.

This Court examines PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record[.] Additionally, [w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. In this respect, we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. However, we afford no deference to its legal conclusions. [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. . . .

---

[3] Appellant filed his notice of appeal on November 18, 2015. Pursuant to the court's order, Appellant filed a timely statement of errors complained of on appeal on January 29, 2016. *See* Pa.R.A.P. 1925(b). The court entered an opinion on February 24, 2016. *See* Pa.R.A.P. 1925(a).

*Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014) (citations and quotation marks omitted).

Furthermore, "[t]he findings of a post-conviction court, which hears evidence and passes on the credibility of witnesses, should be given great deference.  We will not disturb the findings of the PCRA court if they are supported by the record, even where the record could support a contrary holding."  *Commonwealth v. Jones*, 912 A.2d 268, 293 (Pa. 2006) (citation omitted).  Additionally, "where a PCRA court's credibility determinations are supported by the record, they are binding on the reviewing court."  *Commonwealth v. White*, 734 A.2d 374, 381 (Pa. 1999) (citation omitted).

To obtain relief under the PCRA based upon a claim that counsel was ineffective, a petitioner must establish by a preponderance of evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."  42 Pa.C.S.A. § 9543(a)(2)(ii).

> In Pennsylvania, counsel is presumed effective, and a defendant bears the burden of proving otherwise.  In order to be entitled to relief on a claim of ineffective assistance of counsel, the PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying claim has arguable merit; (2) counsel whose effectiveness is at issue did not have a reasonable basis for his action or inaction; and (3) the PCRA petitioner suffered prejudice as a result of counsel's action or inaction. . . .  Where it is clear that a petitioner has failed to

- 7 -

meet any of the three, distinct prongs of the ***Pierce***[4] test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met.

***Commonwealth v. Steele***, 961 A.2d 786, 796 (Pa. 2008) (citations omitted).

In his first issue, Appellant claims that plea counsel was *per se* ineffective for failing to file a direct appeal or a motion for reconsideration of Appellant's sentence. (**See** Appellant's Brief, at 9-16). He argues that a review of the totality of the circumstances establishes that he asked counsel to file a motion for reconsideration and a direct appeal, and counsel was *per se* ineffective for failing to file either. (**See id.** at 16). We disagree.

In order for us to find counsel ineffective for failing to file a direct appeal, an appellant "must prove that he requested an appeal and that counsel disregarded that request." ***Commonwealth v. Knighten***, 742 A.2d 679, 682 (Pa. Super. 1999), *appeal denied*, 759 A.2d 383 (Pa. 2000) (citation omitted). In ***Commonwealth v. Lantzy***, 736 A.2d 564 (Pa. 1999), the Pennsylvania Supreme Court held that where an appellant can show that counsel was unjustified in failing to file a requested direct appeal, the prejudice prong for an ineffective assistance of counsel claim is satisfied and appellant is not required to establish his innocence or demonstrate the merits of the underlying claim. ***See Lantzy***, ***supra*** at 572. However, in alleging that counsel was ineffective for failing to file a motion to reconsider,

_____

[4] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

"[an] appell[ant] must satisfy the **Strickland**[5]/**Pierce** actual prejudice standard." **Commonwealth v. Reaves**, 923 A.2d 1119, 1129 (Pa. 2007).

Here, after conducting an evidentiary hearing, the PCRA court found

that there is no compelling evidence that Appellant ever requested that Mr. Busico file a direct appeal. Mr. Busico testified that no direct appeal was ever mentioned by Appellant or Appellant's family. Additionally, the letters that Mr. Busico sent to Appellant and his family bear out the fact that a direct appeal was not a subject broached in the case. . . . As such, no request was made by Appellant that Mr. Busico file the direct appeal, and therefore, Mr. Busico was not ineffective for failing to make a filing that was not requested of him.

(PCRA Ct. Op., at 10) (record citations omitted).

Upon review, viewing the evidence of record in a light most favorable to the Commonwealth as prevailing party, we defer to the PCRA court's well supported finding that neither Appellant nor his family requested that counsel file a direct appeal. **See Jones**, **supra** at 293; **Lantzy**, **supra** at 572; **Knighten**, **supra** at 682. Accordingly, we conclude that Appellant has not met his burden of proving ineffective assistance of counsel, and is therefore not entitled to relief. **See Henkle**, **supra** at 20; **Steele**, **supra** at 796.

Furthermore, we note that Appellant has failed to distinguish between his claim that counsel was ineffective for failing to file a direct appeal and his claim that counsel was ineffective for failing to file a motion for

---

[5] **Strickland v. Washington**, 466 U.S. 668 (1984).

reconsideration. (*See* Appellant's Brief, at 9-16). Appellant did not attempt to plead and prove that his motion for reconsideration would have merit, that counsel was not reasonable for failing to file such motion, or that he suffered prejudice as a result. *See Steele*, *supra* at 796; *Reaves*, *supra* at 1129. Moreover, the record supports the PCRA court's finding that Appellant did not instruct counsel to file a motion to reconsider sentence. (*See* PCRA Ct. Op., at 10); *Jones*, *supra* at 293. Accordingly, we conclude that Appellant has not met his burden of proving that counsel was ineffective for failing to file a motion for reconsideration. *See Steele*, *supra* at 796; *Henkle*, *supra* at 20. Appellant's first issue does not merit relief.

In his second issue, Appellant claims that counsel was ineffective for inducing him into entering an involuntary and unknowing guilty plea. (*See* Appellant's Brief, at 16-21). He argues that counsel made false promises to him, specifically that he would receive the mandatory minimum sentence of not less than three nor more than six years of imprisonment, and that his sentence would be imposed concurrently with the sentence imposed for his probation violation. (*See id.* at 16-17). We disagree.

> A criminal defendant has the right to effective counsel during a plea process as well as during a trial. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

- 10 -

*Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002)

(citations and quotation marks omitted).

Here, the PCRA court found that:

The testimony from Appellant's PCRA hearing establishes that no promises of any sentence were made to Appellant. Mr. Busico confirmed that he did not promise Appellant that he would receive a three (3) to six (6) year sentence if he [pleaded] guilty. Moreover, Appellant's contention does not square with the very terms of Mr. Busico's representation, in that he would only represent Appellant in the event that Appellant entered a guilty plea. We note that there would be no need for Mr. Busico to convince Appellant into pleading guilty by offering promises of a particular sentence when he only entered his appearance as a result of Appellant's previous representation that he would be pleading guilty.[6] . . .

* * *

Lastly, the record of Appellant's guilty plea hearing further points to no promises being made to Appellant regarding his sentence. While administering a colloquy to Appellant in a group setting, the exchange between this [c]ourt and Appellant went as follows:

The [c]ourt:   [Has a]nybody threatened or forced you to plead guilty?

Appellant []:   No.

The [c]ourt:   [Has a]nybody promised you what my sentence will be?

Appellant []:   No.

---

[6] Appellant denies that Mr. Busico was retained only in the event of a guilty plea. However, Appellant admits that Mr. Buchanan of the Public Defender's Office would have represented him at trial, if Appellant had chosen instead to take the case to trial. (*See* N.T. PCRA Hearing, 9/04/15, at 16).

(N.T. Guilty Plea Hearing, at 11). When given the opportunity to divulge any promises that were made by trial counsel or any other person, Appellant confirmed that **no promises were made regarding any potential sentence** that could be imposed. Considering the fact that the testimony and evidence produced at Appellant's PCRA hearing, coupled with Appellant's admissions under oath at his guilty plea hearing, contradict any suggestion that Appellant was promised a particular sentence, there is no value to the claim that Appellant's guilty plea was not knowing, intelligent, or voluntary due to that reason. Therefore, Appellant's plea counsel cannot be ineffective when the underlying claim lacks merit.

(PCRA Ct. Op., at 8-9) (record citation formatting provided) (emphasis added).

Upon review, viewing the evidence of record in a light most favorable to the Commonwealth as prevailing party, we defer to the PCRA court's well-supported findings of fact that counsel did not induce Appellant to plead guilty by making any promises. *See Jones*, *supra* at 293; *Henkel*, *supra* at 20; (*see* N.T. Guilty Plea Hearing, 10/18/12, at 11 (guilty plea colloquy during which Appellant confirmed that he was not promised what his sentence would be and was pleading guilty of his own free will)). Thus, we conclude that Appellant has not established that his guilty plea was not knowing, intelligent, or voluntary. *See Hickman*, *supra* at 141. Accordingly, Appellant has not met his burden of proving that counsel rendered ineffective assistance causing him to enter an involuntary or unknowing plea. *See id.* Appellant's second issue does not merit relief. The PCRA court properly denied relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2016