J-S74037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :          PENNSYLVANIA
                                    :
               v.                        :
                                    :
                                    :
DERICK CARY                     :
                                    :
           Appellant             :     No. 2852 EDA 2017

Appeal from the PCRA Order August 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004898-2012

BEFORE: LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:             **FILED APRIL 09, 2019**

Derick Cary appeals from the order dismissing his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). We conclude the PCRA court did not err in finding Cary failed to establish that he asked his counsel to file a direct appeal. We affirm.

On December 10, 2012, the trial court found Cary guilty of burglary, attempted theft by unlawful taking, receiving stolen property, possessing an instrument of crime, and conspiracy.[1] On February 5, 2013, the trial court sentenced Cary to an aggregate sentence of six to 12 years' incarceration. At the time of sentencing, Cary's counsel twice informed him of his right to file an appeal, and he stated he understood that right. N.T., 2/5/13, at 9-10.

_____

[1] 18 Pa.C.S.A. §§ 3502, 3921, 3925, 907, and 903, respectively.

Cary did not file post-sentence motions or a notice of appeal. On April 2, 2013, Cary filed a timely PCRA petition. The PCRA court appointed counsel, who filed an amended petition on May 7, 2015, seeking reinstatement of Cary's rights to file post-sentence motions and a direct appeal *nunc pro tunc*. Cary filed another amended petition on June 8, 2016.[2] The Commonwealth filed a motion to dismiss the petition to reinstate Cary's right to file post-sentence motions *nunc pro tunc*, and agreed an evidentiary hearing was required as to the request to reinstate his direct appeal rights *nunc pro tunc*. The PCRA court held an evidentiary hearing.

At the hearing, Cary testified that he was aware he needed to contact his attorney if he wanted to file an appeal. N.T., 8/28/17, at 11. He said he tried to notify her at the sentencing hearing and make a request on the record, but "was escorted out of the court so [he] didn't have . . . contact with her for a while." *Id.* He stated he left a message for his attorney and also asked his family to speak with counsel and request that she file an appeal. *Id.* at 12. He further stated he thought counsel received the message because she sent him a letter in which counsel "thanked [him] kindly for contacting her and she [thought] that [he] should be able to win . . . on appeal." *Id.*

The following letter from counsel to Cary dated February 5, 2013, was read into the record:

---

[2] Prior to the filing of the second amended petition, the trial court permitted PCRA counsel to withdraw and appointed new counsel.

As you know, you were sentenced today in your case to a total of six to twelve years['] incarceration consecutive to any sentence you are currently serving. As your sentencing guidelines call for a sentence of 35 to 45 months plus or minus six months[, t]his is an exceedingly harsh sentence and unduly aggravated one. Therefore, it is my advice that you consider filing a motion to reconsider sentence with the Court. Although the Judge was interrupting you during your allocution, calling him a racist was not the best idea in light of what was happening. Of course the Judge did violate your rights by announcing your specific medical diagnosis twice on the record in open court and if you choose you may consider recourse for this action.

If I can assist you further in the future, please do not hesitate to contact me. Should you not have funds to retain me for a motion to reconsider sentence and/or appeal please contact the court in writing so that an attorney can be appointed to your case free of charge. Due to the ten day deadline for a motion to reconsider sentence this should be done as soon as possible to preserve your rights. I wish you all the best in the future.

*Id.* at 16. Cary denied that this was the letter he referenced in his testimony. *Id.* at 17. Cary claimed he and counsel discussed "numerous times" his desire to file an appeal and counsel "said she was going to contact [Cary's] father as she did prior to this or my sisters to try to set up some type of payment or whatever." *Id.* at 19.

Cary's sister, Folani Irvine, testified that Cary told his father that it was important that they speak with his attorney within ten days to file an appeal. *Id.* at 21. She stated Cary "was very adamant about it." *Id.* Folani testified she called counsel's office and left messages on several occasions. *Id.* She claimed "one lady said that she would not be able to do it because of finances, that you would need more money." *Id.*

The parties entered into a stipulation that if Cary's trial counsel was called to testify, she would testify that:

> [A]fter sentencing I do not have any record of Mr. Cary writing to me to request an appeal. Of course it is reasonable to think that he wanted an appeal but since I was privately retained I assumed that he had hired someone else to do it. He would want to appeal based on an aggravated sentence for which the court did not provide reasoning for the aggravation. I obviously do not know whether he sent me a letter. I can only testify that I never got one.

*Id.* at 22-23. Further, she would have testified that if Ms. Irvine called, counsel "never received the message. There were several receptionists and I suppose it is possible that she spoke with someone who answered my line but did not pass the message." *Id.* at 23.

On August 28, 2017, the PCRA court dismissed the petition. The PCRA court found the record did not support Cary's allegations of ineffectiveness. Trial Court Opinion, filed Jan. 10, 2018, at 7 ("1925(a) Op."). It found Cary's testimony was not credible and found that the letter sent by counsel to Cary did not support his claim that he requested an appeal. *Id.* Rather, the letter discussed Cary's "litigation options going forward, should he choose to retain her for an appeal." *Id.* The court further noted that the sentencing transcript did not support Cary's claim he attempted to communicate with counsel at the sentencing hearing or that he was removed from the courtroom. *Id.* at 2. The court found Cary failed to prove he requested that counsel file a direct appeal. *Id.* at 7. It therefore dismissed his petition.

Cary filed a timely notice of appeal. He raises the following issues:

1. Was the Lower Court's decision to deny reinstatement of [Cary's] appellate rights supported by the evidence?

2. Was [Cary's] claim that the verdict was against the weight of the evidence and that the discretionary aspects of the sentence should be reviewed substantial enough to merit reinstating his right to file post sentence motions?

Cary's Br. at 9 (suggested answers omitted).

When reviewing the dismissal of a PCRA petition, we examine the PCRA court's "findings of fact to determine whether they are supported by the record, and . . . its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (quoting **Commonwealth v. Colavita**, 993 A.2d 874, 887 (Pa. 2010)).

"[T]o prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Id.** However, "the unjustified failure to file a requested direct appeal is ineffective assistance of counsel *per se* and . . . an appellant need not show that he likely would have succeeded on appeal in order to meet the prejudice prong of the test for ineffectiveness." **Commonwealth v. Bath**, 907 A.2d 619, 622 (Pa.Super. 2006); **see Commonwealth v. Lantzy**, 736 A.2d 564, 571 (Pa. 1999).

To determine whether counsel is ineffective for failing to file a direct appeal, the court must determine whether the defendant established that he requested an appeal and that counsel disregarded that request. **Bath**, 907

A.2d at 622 (quoting ***Commonwealth v. Knighten***, 742 A.2d 679, 682 (Pa.Super. 1999)).

The PCRA court did not credit Cary's evidence that he asked trial counsel to file a direct appeal. The PCRA court found Cary's testimony, that is, that he wanted to inform counsel at the sentencing but was removed, that he left a message for counsel, and that he asked his family to inform counsel, not credible. 1925(a) Op. at 7. It further found the letter from counsel to Cary stated Cary's options and informed Cary to contact her if he wished to retain her for an appeal. ***Id.*** The record supports the courts findings, and it did not err as a matter of law in dismissing the PCRA petition.

As Cary did not request an appeal, we need not reach his second issue, regarding the merits of his weight of the evidence and discretionary aspects of sentencing claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/19