**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3947
_____

TOLA ROSS,
                    Appellant

v.

SUPERINTENDENT PINE GROVE SCI;
DISTRICT ATTORNEY PHILADELPHIA;
ATTORNEY GENERAL PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-17-cv-00073)
District Judge: Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1
on April 12, 2022

Before:  AMBRO, SCIRICA, and TRAXLER*, *Circuit Judges*.

(Filed: July 19, 2022)
_____

OPINION**
_____

_____

* Honorable William Traxler, Senior Circuit Judge, United States Court of Appeals for
the Fourth Circuit, sitting by designation
** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Tola Ross seeks a writ of habeas corpus from a state court conviction. 28 U.S.C. § 2254. We granted Ross a certificate of appealability (COA) on whether the District Court erred in denying his claim that his counsel was ineffective for failing to perfect a direct appeal on his behalf. We now hold the Pennsylvania Superior Court applied precedent that is contrary to clearly established federal law and Ross was prejudiced by his counsel's deficient performance. The Commonwealth of Pennsylvania does not oppose our granting the relief sought by Ross. We will reverse the judgment of the District Court denying Ross's petition for a writ of habeas corpus and remand with instructions to conditionally grant the writ.

I.

In 2004, Tola Ross was charged with first-degree murder, arson, and criminal conspiracy. To avoid the possibility of life imprisonment, Ross pleaded guilty to third degree murder, arson, and criminal conspiracy. The next day, Ross sought to withdraw his plea. His plea counsel filed a simple motion to withdraw the plea, which offered no reason or justification as to why Ross sought to do so. Accordingly, the trial judge denied the motion.

Although Ross told his plea counsel he wanted to withdraw his plea, Ross's plea counsel never consulted with him about filing a notice of appeal and never filed such a notice. Ross attempted to file a pro se notice of appeal, but the notice was seemingly misdirected and never docketed. Accordingly, Ross never received a direct appeal of his conviction.

2

Ross then filed a petition for state collateral relief in the Court of Common Pleas, pursuant to Pennsylvania's Post Conviction Relief Act (PCRA). Ross raised several issues, including that his counsel was ineffective for failing to file a notice of appeal from the trial court's denial of his motion to withdraw his guilty plea. The PCRA court held two evidentiary hearings, at which Ross and his plea counsel both testified. Ross and his plea counsel disagreed over whether Ross specifically requested plea counsel to file a notice of appeal. But plea counsel admitted that Ross asked him to withdraw the plea. He also admitted that he never consulted with Ross about an appeal after the judge denied the withdrawal motion. The PCRA court resolved the credibility dispute in favor of the plea counsel and found Ross had not specifically requested his plea counsel to file a notice of appeal.

The PCRA court did not apply the test the Supreme Court laid out in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). In *Flores-Ortega*, the Supreme Court set forth the legal framework for claims alleging that counsel was ineffective for failing to file a direct appeal where the defendant had not given explicit instruction concerning an appeal. *Id.* at 477. In such situations, a judge must consider whether counsel consulted with the defendant. *Id.* at 477–78. The Court held that counsel must "consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

Instead of applying *Flores-Ortega* to Ross's claim, the PCRA court rejected Ross's claim because he "failed to establish that he requested trial counsel to file a direct appeal following the denial of his Petition to Withdraw and/or Reconsideration of Sentence." JA 121. On appeal, the Pennsylvania Superior Court took the same approach and relied on pre-*Flores-Ortega* state precedent requiring Ross to "prove that he requested an appeal and that counsel disregarded that request." JA 127–28 (citing *Commonwealth v. Knighten*, 742 A.2d 679, 682 (Pa. Super. Ct. 1999) (abrogated by *Flores-Ortega*, 528 U.S. 470)). Because the Superior Court concluded Ross had not asked plea counsel to file an appeal, it rejected Ross's ineffective-assistance-of-counsel claim.

Ross eventually exhausted his state court remedies when the Pennsylvania Supreme Court declined to review his case. He then filed a § 2254 petition for a writ of habeas corpus in the U.S. District Court for the Eastern District of Pennsylvania. The District Court denied Ross's petition and declined to issue a COA. We granted a COA as to the notice-of-appeal issue. The Commonwealth concedes the District Court erred because the Superior Court should have followed *Flores-Ortega*, and, accordingly, does not contest Ross's petition.

## II.[1]

Where, as here, the state court adjudicated the merits of a petitioner's habeas claims, federal habeas relief is available only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state-court decision is "contrary to" clearly established federal law if the decision "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result." *Rountree v. Balicki*, 640 F.3d 530, 537 (3d Cir. 2011) (quoting *Brown v. Payton*, 544 U.S. 133, 141 (2005)). Here, the Pennsylvania Superior Court applied a rule that contradicts *Flores-Ortega*. *See Lewis v. Johnson*, 359 F.3d 646, 659 (3d Cir. 2004) ("The Supreme Court invalidated [this] rule in *Flores–Ortega*."). Instead of considering whether Ross would want to appeal and whether he reasonably demonstrated to his plea counsel that he was interested in appealing, as required by *Flores-Ortega*, the Superior Court focused on Ross's failure to prove he explicitly requested his plea counsel to file a notice of appeal. As the

---

[1] We have jurisdiction over this petition under 28 U.S.C. § 2253(c)(1), as Ross appeals from a final order denying habeas relief of the United States District Court for the Eastern District of Pennsylvania and has received a certificate of appealability from this Court.

Commonwealth acknowledges, the decision to reject Ross's claim on these grounds was contrary to clearly established federal law.

## III.

We agree with both Ross and the Commonwealth in finding Ross's plea counsel ineffective. To succeed on an ineffective-assistance-of-counsel claim, a petitioner must show (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ross has met both prongs of the *Strickland* test.

After the Court's decision in *Flores-Ortega*, Ross's request to withdraw his plea should have put his plea counsel on notice that Ross was interested in appealing. *See Lewis*, 359 F.3d at 660 (finding a defendant's attempt to withdraw his guilty plea "should have put [counsel] on notice that [the defendant] may have been interested in appealing the trial judge's ruling"). Accordingly, plea counsel's failure to consult with Ross about an appeal constitutes deficient performance under *Strickland*'s first prong. And Ross has met *Strickland*'s second prong because plea counsel's failure to consult with Ross prejudiced Ross. Ross's request to withdraw his plea and his attempt to file a pro se notice of appeal demonstrate "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484. Ross has demonstrated he received ineffective assistance of counsel in violation of his Sixth Amendment right.

IV.

We will reverse the District Court's order denying the petition for a writ of habeas corpus and remand with instructions to issue a writ of habeas corpus conditioned upon the Commonwealth's reinstatement of Ross's right of first appeal within 90 days of entry of the grant of relief.