J-S35013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESSICA LOPEZ-ALBINO | : | |
| | : | |
| Appellant | : | No. 444 MDA 2025 |

Appeal from the PCRA Order Entered February 26, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000268-2023

BEFORE: OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY OLSON, J.: **FILED: DECEMBER 18, 2025**

Appellant, Jessica Lopez-Albino, appeals from the order entered on February 26, 2025, dismissing her first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We briefly summarize the facts and procedural history of this case as follows. On February 2, 2024, the Commonwealth filed a criminal information against Appellant alleging 55 crimes related to her involvement in a large-scale narcotic sales operation involving 24 co-defendants. On November 14, 2023, Appellant entered an open guilty plea to five crimes, one count each of corrupt organizations, dealing in proceeds of unlawful activity, criminal use of a communication facility, possession with intent to deliver (PWID) a

controlled substance (fentanyl), and conspiracy to commit PWID.[1] Appellant waived her right to a pre-sentence investigation report and proceeded directly to sentencing. The trial court sentenced Appellant to an aggregate term of imprisonment of 10 to 20 years.[2] Appellant did not appeal. On November 13, 2024, Appellant filed a timely, counseled PCRA petition. The PCRA court held an evidentiary hearing on January 13, 2025, wherein Appellant and trial counsel testified. On February 26, 2025, the PCRA court entered an opinion and order denying relief. This timely appeal resulted.[3]

On appeal, Appellant presents the following issues for our review:

A. Did the PCRA court err when it determined that Appellant's [ ] counsel was not ineffective for failing to protect Appellant[']s rights to file post-sentence motions and an appeal when the record demonstrates Appellant both sought review and did not understand her rights?

---

[1] 18 Pa.C.S.A. § 911(b)(2), 18 Pa.C.S.A. § 5111(a)(1), 18 Pa.C.S.A. § 7512(a), 35 P.S. § 780-113(a)(30), and 18 Pa.C.S.A. § 903(a)(1), respectively.

[2] More specifically, the trial court imposed concurrent terms of six to 12 years of imprisonment for PWID and conspiracy. The trial court also sentenced Appellant to one-and-a-half to three years of imprisonment for corrupt organizations, one-and-a-half to three years of imprisonment for dealing in proceeds of unlawful activity, and one to two years of imprisonment for criminal use of a communication facility. These sentences were imposed consecutively to each other and consecutively to the sentence for PWID. *See* N.T., 11/14/2023, at 17.

[3] Counsel for Appellant filed a timely notice of appeal on March 25, 2025. On March 31, 2015, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel for Appellant complied timely. On April 23, 2025, the PCRA court filed a statement in lieu of an opinion pursuant to Pa.R.A.P. 1925(a), largely relying upon its earlier decision filed on February 26, 2025.

    B. Did the PCRA court improperly determine that Appellant's [ ] counsel was not ineffective for his strategy to cooperate with the Commonwealth involving three (3) proffer sessions and then entering a plea for a better sentence except that [ ] counsel should have been aware that Appellant's fear of reprisal for providing cooperating information prevented this strategy from being a reasonable one[?]

    C. Did the PCRA court err when it found that [ ] counsel was [not ineffective] when [ ] counsel did not object to or challenge the Commonwealth's depiction of Appellant [at the guilty plea hearing] as "Number [two] in charge" of a drug trafficking organization [] which resulted in prejudice to [] Appellant when the trial court adopted this depiction at sentencing[?]

Appellant's Brief, at 6 (superfluous capitalization omitted).

In her first issue presented, Appellant seeks *nunc pro tunc* restoration of her post-sentence and appellate rights as a remedy for counsel's failure to file a requested post-sentence motion and direct appeal. ***Id.*** at 13-15. Appellant argues that, at the PCRA evidentiary hearing, she "credibly testified that she believed she had requested [ ] counsel file a motion for reconsideration of her sentence" and that "within two weeks of her sentencing [hearing, Appellant's] family member contacted counsel and was informed her case was closed and she no longer had an attorney." ***Id.*** at 13-14. Appellant maintains that "counsel was certainly aware that [Appellant] was upset with her sentence" but "did not do anything and instead allowed [Appellant's] rights to file post-sentence motions and an appeal expire, thus denying [Appellant her] rights." ***Id.*** at 14. Finally, Appellant contends that subsequent *nunc pro tunc* requests to file a petition for reconsideration of sentence "demonstrate[] that she did want review of her sentence and that she did not initially

understand that her rights to seek reconsideration of her sentence were time-limited[.]" *Id.* at 15.

We employ the following standard and scope of review:

Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo.*

It is well-established that counsel is presumed effective. To plead and prove a claim of ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objectively reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs. In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued. Rather, we must examine whether counsel's decision had any reasonable basis. A petitioner establishes prejudice when he or she demonstrates that there is a reasonable probability that, but for counsel's acts or omissions, the result of the proceeding would have been different.

*Commonwealth v. Yaw*, 305 A.3d 1068, 1077–1078 (Pa. Super. 2023) (internal citations, quotations, and original brackets omitted).

Moreover, our Supreme Court has held:

A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts. *See*, *e.g.*, *Commonwealth v. Jones*, 912

A.2d 268, 293 (Pa. 2006); **Commonwealth v. Santiago**, 855 A.2d 682, 694 (Pa. 2004) (plurality) ("[W]e are bound by the PCRA court's credibility determinations where there is record support for those determinations."); **Commonwealth v. Abu-Jamal**, 720 A.2d 79, 99 (Pa. 1998) ("Just as with any other credibility determination, where the record supports the PCRA court's credibility determinations, those determinations are binding on this [C]ourt."). Indeed, one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made; otherwise, issues of material fact could be decided on pleadings and affidavits alone.

**Commonwealth v. Johnson**, 966 A.2d 523, 539 (Pa. 2009).

"It is well settled that when a lawyer fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to reinstatement of [their] direct appeal rights." **Commonwealth v. Markowitz**, 32 A.3d 706, 714 (Pa. Super. 2011) (internal citations omitted). However, "[t]o establish *per se* ineffectiveness, a defendant must still prove that [s]he asked counsel to file a direct appeal." **Id.** at 715 (citation omitted); **see also Commonwealth v. Knighten**, 742 A.2d 679, 682 (Pa. Super.1999) ("Before a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that [s]he requested an appeal and that counsel disregarded that request.").

"Where a defendant does not ask [the] attorney to file a direct appeal, counsel still may be held ineffective if[, in certain circumstances,] he does not consult with his client about the client's appellate rights." **Markowitz**, 32 A.3d at 714 (citation omitted). "Such ineffectiveness, however, will only be found where a duty to consult arises either because there were issues of merit to raise on direct appeal or the defendant, in some manner, displayed signs

- 5 -

of desiring an appeal." ***Id.*** "Counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing." ***Commonwealth v. Bath***, 907 A.2d 619, 623 (Pa. Super. 2006) (internal citations and quotations omitted).

On this issue, the PCRA court determined that Appellant did not ask counsel to file post-sentence motions or a direct appeal on her behalf and that counsel properly consulted with Appellant about her appellate rights. PCRA Court Opinion, 2/26/2025, at 11-12. More specifically, the PCRA court concluded:

> In the case at bar, [Appellant] testified that, following sentencing, she verbally asked [counsel] about filing a post-sentence motion, as well as filing an appeal. However, [counsel] testified that [Appellant] never requested that he file [] post-sentence motions or appeals. The only communication [counsel] received regarding [Appellant's] case was a letter received in January 2024 from a family member[, approximately two months after sentencing,] stating that [Appellant] did not wish to contest [] forfeiture[.] Therefore, [the PCRA court found] that [Appellant] did not ask [counsel] to file a direct appeal [and Appellant] has failed to establish that [counsel] was *per se* ineffective.
>
> *                *                *
>
> [Moreover, counsel] did inform [Appellant] about her right to file an appeal. [Counsel] reviewed [Appellant's] post-sentence rights with her through the use of an interpreter. Further, [Appellant] was provided [with] a [written] copy of her post-sentence rights which was in both English and Spanish. On November 14, 2023, [Appellant] entered an open [guilty] plea in her case. During the guilty plea colloquy, [Appellant] was informed that she was facing

> 57 years of incarceration and a fine of [$540,000.00] if she was sentenced consecutively on the offenses. Instead, [Appellant] received a cumulative sentence of 10-20 years [of imprisonment]. There was nothing that indicated to [counsel] that [Appellant] might want to appeal because [counsel] explained [Appellant's] post-sentence rights to her prior to sentencing [and], after sentencing, [counsel] spoke with [Appellant], using the court interpreter, made sure she understood her sentence and [appellate rights]. While [counsel] could tell [Appellant] was unhappy with the sentence imposed, she never indicated that she wished to file an appeal.

*Id.* at 11-13. Ultimately, the PCRA court credited counsel's testimony that Appellant did not request an appeal because counsel "had no personal interest in the outcome of this case or motive for keeping [Appellant] from filing an appeal." *Id.* at 13. In contrast, the PCRA court determined that Appellant's testimony was self-serving and there was no corroborating evidence to support her assertion that she verbally requested an appeal. *Id.*

Based upon our standard of review, applicable law, and examination of the record, we conclude that the PCRA court, in view of its supported findings, did not err in denying relief on Appellant's first appellate issue. Initially, we note that there is no dispute that Appellant, just prior to entering her plea, received a copy of her post-sentence appellate rights and she acknowledged signing a written colloquy pertaining to those rights, which the trial court accepted and entered into the record. *See* N.T., 11/14/223, at 4 and 18. More specifically, before the trial court accepted Appellant's plea, Appellant indicated that she understood that she could appeal the sentence imposed and had no other questions regarding the colloquy. *Id.* at 4 and 8. As such, counsel consulted with his client about her appellate rights.

Following sentencing, Appellant did not object on the record or otherwise demonstrate her desire to challenge the trial court's imposition of sentence. *Id.* at 18-19. Moreover, the PCRA court credited counsel's testimony that Appellant did not request an appeal after her sentence was imposed. Thus, apart from Appellant's testimony at the PCRA hearing, there is no evidence that she expressed a desire to appeal her sentence. Under these circumstances, we lack any basis to alter or usurp the PCRA court's credibility determination.

Finally, the trial court explained the permissible, maximum sentence for each offense. *Id.* at 5. Ultimately, however, the trial court imposed standard-range sentences for each offense, resulting in an aggregate term of imprisonment of 10 to 20 years. *Id.* at 17-18. Because the aggregate sentence of 10 to 20 years' imprisonment was well-below the maximum aggregate sentence of 57 years of incarceration, there was no evidence that there were non-frivolous appellate grounds or that a rational defendant would want to appeal. For all of the foregoing reasons, Appellant's first issue lacks merit.

We shall dispose of Appellant's second and third issues in the same general discussion. In her second claim, Appellant argues that counsel was ineffective, and his trial strategy unreasonable, for offering Appellant's cooperation and potential testimony against her co-defendants at three, separate proffer sessions in exchange for leniency, but ultimately advised Appellant to enter an open guilty plea instead. Appellant's Brief at 15.

Appellant argues that "[i]t was readily apparent that [she] was afraid to cooperate" and that counsel "should have visited [Appellant] and discussed another strategy for disposition of her case" or submitted evidence of Appellant's fear prior to sentencing, to receive a more favorable sentence. *Id.* at 18.

In her third issue, Appellant argues that counsel was ineffective for failing to object at sentencing to the Commonwealth's characterization of Appellant as "number [two] in the organization." *Id.* at 18; *see also id.* at 19 ("At the guilty plea hearing, counsel did not contest this 'number [two] in the organization" [reference] despite knowing this claim was inaccurate and unfair.").

Upon review of the certified record, Appellant failed to raise her second and third issues in her PCRA petition and, therefore, we are constrained to find them waived. Our Supreme Court has held that issues not raised in a PCRA petition are waived and cannot be considered for the first time on appeal. *See Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014), *citing Commonwealth v. Rainey*, 928 A.2d 215, 226 (Pa. 2007) and Pa.R.Crim.P. 902(B) ("Each ground relied upon in support of the relief requested shall be stated in the [PCRA] petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Finally, our Supreme Court has determined that

"waiver cannot be avoided solely by reference to [a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) because] such a statement, which is provided after the notice of appeal has already been filed, cannot operate to add new substantive claims that were not included in the PCRA petition itself." **Baumhammers**, 92 A.3d at 731 (citation omitted). Accordingly, Appellant waived her second and third appellate issues and we will not examine those claims.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/18/2025